STATE of South Dakota, Plaintiff
and Appellee,

v.

Robert M. WHALEN, Defendant
and Appellant.

No. 14682.

Supreme Court of South Dakota.

Considered on Briefs Feb. 5, 1985.

Decided April 17, 1985.

John W. Bastian, Asst. Atty. Gen., Pierre, S.D., for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, S.D., on brief.

Gregory J. Barnier, Rapid City, S.D., for defendant and appellant.

HENDERSON, Justice.

This is a criminal appeal arising from Fall River County wherein appellant contends that he was not under the continuing jurisdiction of the court. The circuit court affirmed a law magistrate's decision that appellant was under the jurisdiction of the court and then ordered him to serve the balance of a jail sentence (126 days) for violating the terms of his suspension. We affirm.

On June 14, 1983, Robert M. Whalen, appellant-defendant herein, pleaded guilty

in Magistrate Court to Driving While Intoxicated-Second Offense. Magistrate Viken sentenced appellant to 180 days in jail and suspended his driver's license for one year. All but ten days of the jail sentence was suspended, however, on the conditions: 1) that after the ten-day sentence, appellant enter a 90-day inpatient treatment program and return to court thereafter for review of the sentence; 2) that appellant obey all laws for one year; and 3) that appellant pay all fines, costs, and court-appointed attorney fees. The treatment program was completed and on September 13, 1983, appellant's sentence was reviewed and suspended upon the condition, inter alia, that he obey all laws for one year. After violation of the conditions of his suspended sentence, appellant was ordered on December 6, 1983, to serve the remainder of his initial jail sentence. This action was reviewed on January 17, 1984, and appellant was released from jail and the remaining 126 days of his jail sentence was suspended. Among the conditions of this suspension was that appellant obey all laws.

On three separate occasions, appellant was before Magistrate Viken to have his jail sentence suspended. On the first two occasions, it was suspended and appellant was put on "probation" * under the condition, among others, that he obey all laws for one year. On the last occasion, however, appellant was simply required to obey all laws. No time period or limit was set by this January Order. Appellant now advocates that this latter Order suspended his jail sentence and put him on "probation" for 126 days. Appellant advances this argument because the only time frame mentioned in the January Order was the 126 days remaining in his jail sentence.

■ The last Order, dated January 31, 1984, omitted the one-year requirement. When a misunderstanding arose as to the length of "probation," appellant was informed in open court on June 12, 1984, that the January Order meant that he was on "probation" for one year. SDCL 23A–31–2 provides:

Clerical mistakes in judgments, orders or other parts of a record and *errors in a record arising from oversight or omission may be corrected by a court* at any time and after such notice, if any, as the court orders. (Emphasis supplied.)

In light of the previous Orders' requirements and Magistrate Viken's actions, we hold the June 12, 1984 Clarification Order to be a valid correction of an oversight or omission as authorized in SDCL 23A–31–2.

■ Appellant next contends that he did not knowingly consent to the terms of the January 31, 1984 "Probation" Order. Appellant, however, accepted without reservation the January "Probation" Order and accepted the June Clarification Order which stated that he was on "probation" for another six months. If appellant believed the "probation" requirements to be too harsh, he did not have to accept them and could have then demanded that he serve the remainder of his jail sentence. *State v. Jackson*, 272 N.W.2d 102 (S.D. 1978).

■ Appellant's final argument is that the Magistrate Court could not extend or modify his "probation." The Order resulting from the June 12 hearing, however, was not an extension of appellant's jail sentence but was a clarification of the length of his suspended sentence. In no manner was appellant's remaining jail sentence of 126 days extended and appellant's reliance on *State v. Ford*, 328 N.W.2d 263 (S.D.1982), in this regard is misplaced.

■ Appellant's contention that he was put on "probation" for 126 days is fanciful at best. Suspended sentences and probation are a matter of grace and if the defendant does not like the conditions imposed thereby, he can always serve his jail time. In this case, the Court System repeatedly attempted to assist appellant by counseling and working with him in an alcohol treatment program. Appellant, each and every time, understood the terms of his suspended sentence, which was de-

---

* Although denominated probation, it was a condition of a suspended sentence.

nominated a suspended sentence (thereafter verbiage of "probation" surfaced), but consistently drank alcohol to an excess, whereby he would become intoxicated contrary to the conditions he freely accepted. Appellant has begotten his own woe.

Affirmed.

All the Justices concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, participating.