**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Richard JOHNSTON, Defendant and Appellant.**

**No. 17297.**

Supreme Court of South Dakota.

Considered on Briefs March 18, 1991.

Decided Oct. 30, 1991.

On September 1, 1989, Richard Johnston (Johnston) was charged with 19 counts of Grand Theft in violation of SDCL 22–30A–1 and SDCL 22–30A–17(2). He was further charged with 17 counts of Misuse or Alteration of Brand in violation of SDCL 40–19–25. Johnston was found guilty of each of the 19 counts of Grand Theft and the 17 counts of Misuse or Alteration of a Brand. He was sentenced to 38 years in the South Dakota State Penitentiary on the Grand Theft and 34 years on the Misuse or Alteration of a Brand, the sentences to run concurrently.

Johnston appealed his grand theft and misuse or alteration of brand convictions (appeal # 17164) on May 30, 1990. Briefing was not completed and filed until mid-September, 1990. While awaiting this appeal, Johnston was incarcerated. His parole eligibility date was set for June 11, 1995.

Under SDCL 24–15–3, Johnston contested his parole eligibility date, arguing that his sentence was for two years rather than the 38 years imposed by Judge Moses. The Board of Pardons and Parole (Board) subsequently changed Johnston's parole eligibility date to July 1, 1990.

Upon notice of these developments, Judge Moses entered an Amended Judgment of Conviction and Sentence, which he had jurisdiction to do, clarifying his original Judgment of Conviction and Sentence. The Board then rescinded its parole eligibility determination of July 1, 1990 and left the original date of June 11, 1995 as Johnston's parole eligibility date. Johnston appeals Judge Moses' Amended Judgment of Conviction and Sentence, raising the following issue:

Did the trial court err when it entered an Amended Judgment of Conviction, without notice and in the absence of Johnston, which increased his prison sentence?

Diane Best, Asst. Atty. Gen., Pierre, for plaintiff and appellee, Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Mark F. Marshall, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellant.

HENDERSON, Justice.

## PROCEDURAL HISTORY/FACTS/ISSUE

This is a companion appeal to *State v. Johnston* 478 N.W.2d 282 (S.D.1991).

## DECISION

*The trial court did not err when it entered an Amended Judgment of Conviction. However, due to our decision*

*reversing 18 of Johnston's 19 convictions of grand theft, he must be resentenced.* (See *State v. Johnston,* 478 N.W.2d 282 (S.D.1991)).

■ Johnston argues that the trial court improperly entered an Amended Judgment of Conviction which increased his prison sentence from two years to thirty-eight years. We believe his argument is without merit.

■ An oral sentence, if it is not ambiguous, is the only sentence and the written sentence must conform to it. *State v. Cady,* 422 N.W.2d 828 (S.D.1988). In the present case, the oral sentence was clear and unambiguous. Judge Moses stated:

> It will be ordered that the defendant be sentenced to the South Dakota State Penitentiary for *a period of two years on each count of the Grand Theft, for a total of 38 years on Grand Theft; and for a period of two years on each count of Misuse or Alteration of a Brand, for a total of 34 years, said sentences to run concurrent.* (emphasis added).
>
> It is further ordered that one year on each count of the Grand Theft, and one year on each count of the Misuse or Alteration of a Brand, will be suspended upon the following conditions:
>
> > Payment of a $20,000.00 fine, and costs in the amount of $6,348.23 for the prosecution of the case, and $15.00 costs, to be paid on or before September 4, 1990, at 4:00 p.m.;
> >
> > That you remain a law-abiding citizen in all respects;
> >
> > That you be given credit for any jail time spent;
> >
> > That it be ordered that any bond previously furnished be exonerated;

> > That you be committed to the custody of the Meade County Sheriff for the execution of the sentence.

Further, both the Original Judgment of Conviction and Amended Judgment of Conviction conformed to it.* We are of the opinion that the original oral sentence and original written judgment of conviction made it entirely clear that Johnston's sentence was 38 years on the Grand Theft counts and 34 years on the Misuse or Alteration of a Brand counts.

■ However, we will not address the additional theoretical arguments advanced because we find it to be unnecessary as Johnston must be resentenced due to our decision in *State v. Johnston,* 478 N.W.2d 282 (S.D.1991). Johnston's sentence was not increased below and it has been decreased by this Court. We caution the trial court to consider, that by the latter opinion, we affirmed 17 counts of Misuse or Alteration of Brand convictions, 2 years on each conviction, affirming a total of 34 years imprisonment with the conditions of the suspension likewise affirmed. Due to the reversal of the 19 counts of grand theft unto but 1 count of grand theft, we direct the trial court, in its discretion, to resentence on the 1 count of grand theft anew and fashion a sentence commensurate with our decision. We specifically note that, previously, the trial court had the Grand Theft convictions run concurrently with the Misuse or Alteration of a Brand convictions. The new sentence on the one Grand Theft conviction shall be solely within the power of the trial court. It is obvious that the reversed Grand Theft convictions cannot run concurrently with the Misuse or Alteration of Brand convictions. Hence, although we have affirmed the 17 counts of Misuse or Alteration of a Brand and the 34 years imprisonment thereunder, the trial

---

\* *Original Judgment:*

ORDERED that the Defendant be sentenced to the South Dakota State Penitentiary for a period of 2 years on each count of Grand Theft, for a total of 38 years on Grand Theft and a period of two (2) years on each count of Misuse or Alteration of a Brand for a total of 34 years, said sentences to run concurrently.

*Amended Judgment:*
ORDERED that the Defendant be sentenced to the South Dakota State Penitentiary for a period of 2 years on each of 19 Counts of Grand Theft, to be served for a total of 38 years on Grand Theft and for a period of two (2) years on each of 17 Counts of Misuse or Alteration of a Brand, to be served consecutively, for a total of 34 years. The total 38 year sentence and 34 year sentence are to be served concurrently.

court has no base to run concurrent sentences with the *stricken* 18 counts of Grand Theft.

We affirm in part (17 sentences resulting from 17 counts of Misuse or Alteration of Brand), reverse (on 19 counts of Grand Theft modifying same to 1 conviction on 1 count of Grand Theft) and remand for re-sentencing on the remaining Grand Theft conviction.

WUEST, SABERS and AMUNDSON, JJ., concur.

MILLER, C.J., dissents.

MILLER, Chief Justice (dissenting).

For the reasons stated in my dissent in *State v. Johnston*, 478 N.W.2d at 285, I would not reach this case. It should be reversed and remanded for retrial on the substantive issues addressed therein.