**UNITED STATES of America, Appellee,**

v.

**Daniel Ignatz TRAMP, also known as Dan Dailey, Appellant.**

**No. 93–2713.**

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1994.

Decided Aug. 1, 1994.

---

Charles E. Light, Yankton, SD, argued, for appellant.

Bonnie P. Ulrich, Asst. U.S. Atty., Sioux Falls, SD, argued, for appellee.

* THE HONORABLE PAUL A. MAGNUSON, United States District Judge for the District of Minnesota, sitting by designation.

Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and MAGNUSON,* District Judge.

MAGILL, Circuit Judge.

This case deals with the single issue of whether probation commences under an ambiguous sentencing pronouncement, while in or out of prison custody. Daniel Ignatz Tramp appeals the district court's [1] order clarifying the sentence it previously imposed upon Tramp for violating 18 U.S.C. §§ 1343 and 371. We affirm the district court's order.

## I. BACKGROUND

Tramp pleaded guilty to one count of wire fraud (Count One) and one count of conspiring to commit mail and wire fraud (Count Two). For Count Two, the district court sentenced Tramp to imprisonment for a period of three years. As to Count One, the district court stated it would place Tramp in custody "for a period of three years and will suspend the execution of that sentence and place [him] on probation for a period of five years on the following conditions." Sentencing Tr. at 18. Neither Tramp's written nor the oral judgment specified when Tramp's term of probation was to begin.

Tramp filed a motion to have his sentence vacated, modified, set aside, or clarified, contending that the sentence was vague and ambiguous because the judgment did not specify when Tramp's term of probation was to commence. If Tramp's sentences were concurrent to each other, he would commence his term of probation at the time of sentencing. If Tramp's sentences were to be served consecutively, he would commence the probation term upon completion of his sentence for Count Two.

The district court issued an order clarifying its earlier sentence stating that "the five year period of probation on Count I ... begins upon the defendant's release from

1. The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota.

prison." District Ct. Order (June 18, 1993). Tramp timely appealed.

## II. DISCUSSION

■ Contrary to his district court claim, Tramp argues on appeal that there was *no ambiguity* in his sentence. He argues that the original sentence must be interpreted to require both sentences to begin immediately. Tramp further contends the district court lacked authority to change the sentence to his detriment and that such a change exposes him to double punishment, or double jeopardy, in violation of the Fifth Amendment. Tramp failed to raise this claim below; nonetheless, Tramp remains free to challenge the district court order under the plain error standard. *See United States v. Shaw*, 26 F.3d 700, 701 (7th Cir.1994).

The central issue is whether, under the plain error standard, Tramp's sentence is ambiguous.[2] *See Holloway v. United States*, 960 F.2d 1348, 1358 (8th Cir.1992). We interpret the district court's clarifying order, although not explicitly labeled as such, as one issued pursuant to Federal Rule of Criminal Procedure 36 (Rule 36). Rule 36 authorizes a court to correct a clerical error in a judgment at any time. *See United States v. McAfee*, 832 F.2d 944, 946 (5th Cir.1987) (pursuant to Rule 36, sentencing court corrected written judgment to reflect its original, unstated, but discernable, intent that sentences were consecutive). Rule 36 does not authorize a district court to *modify* a sentence at any time.[3] *See* Fed.R.Crim.P. 36. An authorized correction, pursuant to Rule 36, may clarify a sentence, unclear in written form, that is clear when the record is examined as a whole. *McAfee*, 832 F.2d at 946.

■ We must discern whether the sentencing court's intent was clear at the time of sentencing. *See Holloway*, 960 F.2d at 1359. The oral pronouncement by the sentencing court is the judgment of the court. *Johnson v. Mabry*, 602 F.2d 167, 170 (8th Cir.1979). If the actual verbal judgment is ambiguous, the intent of the sentencing court may be construed from the entire sentencing pronouncement. *Holloway*, 960 F.2d at 1359; *United States v. Raftis*, 427 F.2d 1145, 1146 (8th Cir.1970); *United States v. Kindrick*, 576 F.2d 675 (5th Cir.1978).

The terms of an oral pronouncement that clearly provide for a consecutive or concurrent sentence control a contrary, silent or ambiguous written judgment. When the oral pronouncement of sentence does not resolve whether a sentence runs consecutively or concurrently, the clearly expressed intent of the sentencing judge discerned from the entire record controls. *McAfee*, 832 F.2d at 946 (citation omitted). Mere "impreciseness of language will not negate the court's obvious intent." *Raftis*, 427 F.2d at 1146.

■ Because we agree that the oral pronouncement standing alone was ambiguous as to whether Tramp's probation term was to be served concurrent with or consecutive to his prison term, we examine the entire record to determine if we can discern the sentencing court's intent. Even if the district court's clarifying order was in plain error, we may remand for resentencing pursuant to Federal Rule of Criminal Procedure 35 (Rule 35). "It is the obligation of the sentencing court to express a sentence in clear terms, so as to 'reveal with fair certainty' its intent and 'exclude any serious misapprehensions by those who must execute them.'" *United States v. Moss*, 614 F.2d 171, 175 (8th Cir. 1980) (quoting *United States v. Daugherty*, 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309 (1926)). If Tramp's sentence is susceptible to at least two different interpretations,

---

2. Because Tramp committed the relevant offenses prior to November 1, 1987, i.e., before the enactment of the Sentencing Guidelines, the Comprehensive Crime Control Act of 1984 does not apply to his sentence.

3. When applied to pre-guideline offenses, 18 U.S.C. § 3651 authorizes a sentencing court to revoke or *modify* any period of probation. 18 U.S.C. § 3651 (1988). Section 3651, however, states in pertinent part that "[t]he period of probation, together with any extension thereof, shall not exceed five years." 18 U.S.C. § 3651. As a result, if the district court had applied § 3651 to modify the term of probation, it nevertheless must have determined when the period of probation commenced, so as to ensure compliance with § 3651's five-year ceiling.

the district court is authorized to resentence Tramp pursuant to Rule 35(a), and if a sentence is "so ambiguous as to be illegal, double jeopardy will not bar resentencing," *id.* at 176 n. 4.

The district court's determination that the sentencing court's intent was not ambiguous is not a plain error. *See United States v. Olano,* — U.S. —, —, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) (error must be clear under current law). We find that several of the terms and conditions of Tramp's probation are inconsistent with simultaneous incarceration, and thus indicative of the sentencing court's intent.

Pursuant to the terms and conditions of probation, Tramp was required to "reside and participate in a program of a community corrections facility as directed by the probation officer under the provisions of 18 U.S.C. Section 3563(b)(12)." Sentencing Tr. at 18. A community corrections facility is not a jail. *United States v. Voda,* 994 F.2d 149, 152 (5th Cir.1993) (community corrections facility, as that term is utilized in 18 U.S.C. § 3563(b)(12), is not a jail). Thus, simultaneous incarceration is inconsistent with this condition. Moreover, Tramp was precluded from frequenting establishments whose primary purpose is the sale of alcoholic beverages, a condition also inconsistent with incarceration. Finally, Tramp was not required to make restitution for his crime because the sentencing court did not believe that Tramp could reasonably make restitution and support his child. We infer from this condition that, during the probation term, Tramp would be working and supporting his child, a condition also inconsistent with simultaneous incarceration. We do not find that the district court plainly erred when it amended the judgment to clarify that Tramp's period of probation commenced when he was released from prison.

### III. CONCLUSION

We affirm the district court's order clarifying that Tramp's probation was to commence upon his release from prison.