53 F.3d 335
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
David Lee HEATH, Appellant.
 No. 94-1932.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 12, 1995.
Filed: May 1, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Lee Heath pleaded guilty to one count of mail fraud and one count of wire fraud. The district court[1] sentenced him to 30 months in prison and three years of supervised release. Heath appeals his sentence. We affirm.
 
 
 2
 At sentencing, the district court increased Heath's base offense level by seven levels after finding that the offense, including relevant conduct, involved a loss of approximately $143,000. See U.S.S.G. Sec. 2F1.1(b)(1)(H) (loss of more than $120,000 but less than $200,000). Based on Heath's total offense level of 13 and Category V criminal history, the district court calculated a Guidelines sentencing range of 30 to 37 months. Heath argues, as he did below, that the loss was between $40,000 and $70,000 and should have resulted in only a five-level increase to his base offense level under U.S.S.G. Sec. 2F1.1(b)(1)(F), yielding a Guidelines range of 24 to 30 months.
 
 
 3
 The government contends that Heath's argument is not reviewable on appeal, because his sentence falls within the Guidelines range he urged below, and it is clear that the district court would have imposed the same sentence even if Heath's argument for a lower Guidelines range had prevailed. See United States v. Simpkins, 953 F.2d 443, 446 (8th Cir.), cert. denied, 112 S. Ct. 1988 (1992). We agree with the government. At sentencing, the district court explicitly stated that a 30-month sentence was appropriate, and that if the loss had been calculated at the lower level resulting in a Guidelines range of 24 to 30 months, the court still believed 30 months would be the appropriate sentence. Although Heath protests that the court's remarks were not reduced to writing in the court's sentencing memorandum, "[t]he oral pronouncement by the sentencing court is the judgment of the court." United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Diana E. Murphy, then Chief Judge, United States District Court for the District of Minnesota, now United States Circuit Judge