_____

No. 93-2789
_____

United States of America,          *
                                   *
            Appellee,              *
                                   *  Appeal from the United States
    v.                             *  District Court for the
                                   *  District of Minnesota.
Arnold Prado,                      *
                                   *        (UNPUBLISHED)
            Appellant.             *


_____

        Submitted:  March 15, 1995

           Filed:  April 11, 1996
_____

Before MAGILL, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

PER CURIAM.


     Arnold Prado, a federal prisoner, appeals from the district court's[1]
order granting in part and denying in part his motion under Fed. R. Crim.
P. 36 to correct his judgment and commitment order.


     Prado pleaded guilty to an information charging him with two counts
of aiding and abetting interstate travel involving the distribution of a
controlled substance, in violation of 18 U.S.C. §§ 1952 and 2.  Prado
acknowledged in his plea agreement that each count carried a maximum five-
year prison sentence, and the parties

_____

[1]The Honorable Diana E. Murphy, then Chief Judge for the
United States District Court for the District of Minnesota, now
United States Circuit Judge.

agreed that "the sentence imposed by the Court will be 120 months."  The contemplated Guidelines range was 97 to 121 months.

The presentence report (PSR) calculated a Guidelines sentencing range of 135 to 168 months.  In written objections, Prado disagreed with certain facts in the PSR, and challenged the PSR's conclusion that he entered the United States illegally.

At the November 1991 sentencing hearing, the sentencing court[2] acknowledged the existence of a "minor dispute" between the parties regarding the PSR.  The court stated that it subscribed to the probation officer's version "of the controversies," and that it was adopting the probation officer's findings "from which it appears that the total Offense Level is 34, Criminal History Score of II, . . . which provides for an imprisonment range of 135 to 168 months.  120 months are provided by statute."  The court also observed that the plea agreement contained a cap of 120 months on both counts of the information to which Prado had pleaded guilty.  The court sentenced Prado to two consecutive 60-month prison sentences and three years of supervised release, stating that it found "no reason to depart from the guidelines except to accept the recommendation and agreement of the government to plead to an information, rather than the indictment."

The following statements--each indicated by a marked box--were contained in the written judgment and commitment:  (1) "[t]he court adopts the factual findings and guideline application in the presentence report," and (2) "[t]he sentence departs from the guideline range . . . upon motion of the government, as a result of defendant's substantial assistance."  Prado did not appeal his sentence.

---

[2]The Honorable Edward J. Devitt, late a United States District Judge for the District of Minnesota.

-2-

In June 1993, Prado filed a motion in the district court pursuant to Rule 36 to correct two errors in his judgment and commitment order. First, he argued that the clerk who prepared the judgment erroneously indicated that the court had adopted the PSR's factual findings and Guidelines application, because the court never made any factual findings. Second, he argued that the clerk wrongly indicated the reason why the court departed from the Guidelines range.

The government responded that the sentencing court had orally adopted the probation officer's findings, but agreed with Prado, however, that the sentencing court did not depart from the Guidelines for Prado's substantial assistance. In his reply, Prado argued the government was "implying" that the sentencing court complied with Fed. R. Crim. P. 32. Prado maintained that the court had violated Rule 32, and stated that he intended to raise the issue in a motion under 28 U.S.C. § 2255. He contended that the Rule 32 issue should not be decided in a Rule 36 proceeding.

The district court denied the motion with respect to the adoption of the PSR findings and guideline application. As to the second alleged error, the district court agreed with Prado that the judgment incorrectly indicated the sentencing court departed for substantial assistance. The district court found that the sentencing court instead had sentenced Prado as agreed by the parties and as provided for by statute. The court adopted the government's suggestion to correct the document to reflect that the sentencing court imposed a sentence below the Guidelines range because the range exceeded the statutory maximum penalty. The district court rejected Prado's argument that the correction inaccurately reflected the sentencing court's pronouncement and improperly engaged the district court in determining his sentence. The court also rejected Prado's argument that correcting the errors would invalidate the judgment. The judgment was subsequently corrected to read: "[t]he sentence is below the guideline range

and the sentence is imposed for the following reason(s):  the guideline range exceeded the statutory maximum sentence."

Prado argues on appeal that the district court did not confine itself to correcting clerical errors, but instead altered or "determined" his sentence in violation of his due process rights, and thus invalidated the judgment.  He also complains that the language used to correct the judgment is inaccurate, and the judgment wrongly indicates that the sentencing court made the factual findings required by Rule 32.  He maintains that the record reveals no hearing on the "controverted inaccuracies," and the sentencing court further violated Rule 32 because it failed to append a copy of its findings to the PSR and to provide him with a copy of the PSR at least ten days before sentencing.

The government contends that the district court properly corrected the judgment.  The government also discusses the merits of the alleged Rule 32 violations, arguing that the sentencing court made the factual findings as required, that any error was harmless, and that Prado is precluded from arguing he was deprived of the opportunity to review the PSR because he did not raise the issue below.

"Rule 36 authorizes a court to correct a clerical error in a judgment at any time" although it "does not authorize a district court to modify a sentence at any time."  United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994) (emphasis in original).  "The oral pronouncement by the sentencing court is the judgment of the court."  Id.

The district court did not err when it concluded that the sentencing court adopted the PSR's factual findings and Guidelines application. Appellant filed written objections to the presentence report and the probation officer prepared an addendum to the presentence report which rejected each of Prado's objections.  At

the time of sentencing, the district court referred to the probation report which stated as follows:

> There is some minor dispute between the parties.
>
> The Court has read them all over and subscribes to the probation officer's version of the controversies and adopts the probation officer's findings, from which it appears that the Total Offense Level is 32, Criminal History Score of II, Roman number two, which provides for an imprisonment range of 135 to 168 months.  120 months are provided by statute.

Thus, the statement in the judgment was accurate and in accord with the district judge's oral statements at the time of sentencing.  The district court did not err in refusing to make this correction.

With respect to Prado's argument that the district court violated Rule 32, the district court may have erred, as Prado suggests, in failing to make a specific determination as to each matter controverted.  See United States v. Beaty, 9 F.3d 686 (8th Cir. 1993), and Rule 32(c)(3)(D), Fed. R. Crim. P.  On the other hand, the objections made do not go to the sentencing determination.  Three objections related to whether another was a member of the conspiracy and two related to whether Prado or a co-conspirator performed an overt act.  These objections have no effect on the computation of the guidelines.  In another objection Prado specifically stated that he had not provided any information to officials, and this supports the probation officer's recommendation of no adjustment for acceptance of responsibility.  The objection concerning deportation was not relevant to any calculation of the guideline sentence.  None of these objections were important or material to the determination of the guideline range, and the sentencing court's failure to specifically rule these issues had no bearing on the sentencing.  See § 6A1.3, U.S.S.G.  While we believe that there was no error in this respect, if there was it was harmless in that it did not affect the sentence

imposed.  See Williams v. United States, 112 S. Ct. 1112, 1120 (1992).

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.