1997 SD 29

**David Lee LYKKEN, Applicant and Appellant,**

v.

**Joseph P. CLASS, Warden South Dakota State Penitentiary, Appellee.**

**No. 19623.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 16, 1997.

Decided March 19, 1997.

David M. Buechler Parker, for Applicant and Appellant.

Mark Barnett, Attorney General, Sherri Sundem Wald, Assistant Attorney General, Pierre, for Appellee.

GILBERTSON, Justice.

[¶ 1.] David Lee Lykken (Lykken) appeals from the denial of his writ of habeas corpus. We affirm.

## FACTS AND PROCEDURE

[¶ 2.] Lykken was convicted in November 1990 of first-degree rape, kidnapping, first-degree burglary, and simple assault following a two-day jury trial in Vermillion, South Dakota. He further admitted to a Part II information alleging a prior conviction of first-degree burglary. He was sentenced on February 7, 1991 to 225 years in the state penitentiary. His conviction and sentence were affirmed on direct appeal to this Court in *State v. Lykken*, 484 N.W.2d 869 (S.D. 1992).

[¶ 3.] Lykken now brings a habeas corpus action to this Court for review. Lykken claims an illegal enlargement of his sentence by the trial court and ineffective assistance of both trial and appellate counsel in violation of the Sixth Amendment to the U.S. Constitution and Article VI, § 7 of the South Dakota Constitution. Both claims were heard by the habeas court pursuant to Lykken's petition for writ of habeas corpus. Following hearing and argument by counsel, the writ was denied.

## STANDARD OF REVIEW

[¶ 4.] Habeas corpus is not a substitute for direct review. *Loop v. Class,* 1996 SD 107, ¶ 11, 554 N.W.2d 189, 191. Because the remedy in a habeas proceeding is in the nature of a collateral attack on a final judgment, our scope of review is limited. *Jenner v. Leapley,* 521 N.W.2d 422, 425 (S.D.1994); *Gregory v. Solem,* 449 N.W.2d 827 (S.D. 1989).

> Habeas corpus can be used only to review (1) whether the court had jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases, whether an incarcerated defendant has been deprived of basic constitutional rights. For purposes of habeas corpus, constitutional violations in a criminal case deprive the trial court of jurisdiction.

*St. Cloud v. Leapley,* 521 N.W.2d 118, 121 (S.D.1994) (internal citations omitted).

[¶ 5.] On habeas review of the legality of a criminal sentence, where the state produces a document constituting a judgment of conviction, the petitioner has the burden to prove by a preponderance of the evidence that there exists credible evidence of invalidity in that judgment. *State v. Moeller,* 511 N.W.2d 803, 809 (S.D.1994) (citing *Parke v. Raley,* 506 U.S. 20, 31, 113 S.Ct. 517, 524, 121 L.Ed.2d 391, 405 (1992); *Stuck v. Leapley,* 473 N.W.2d 476, 478 (S.D.1991)). *See also Alexander v. Solem,* 383 N.W.2d 486, 488 (S.D.1986). The habeas court's findings are given "considerable deference" and we will not reverse these findings unless they are clearly erroneous. *St. Cloud,* 521 N.W.2d at 121; *McCafferty v. Solem,* 449 N.W.2d 590, 592 (S.D.1989); *Satter v. Solem,* 422 N.W.2d 425, 427 (S.D.1988), *cert. denied,* 490 U.S. 1091, 109 S.Ct. 2432, 104 L.Ed.2d 989 (1989).

[¶ 6.] Whether a defendant has received ineffective assistance of counsel presents a mixed question of law and fact. *St. Cloud,* 521 N.W.2d at 121. In the absence of a clearly erroneous determination, we defer to the habeas court's findings of fact regard-

ing what counsel did or did not do, but we may substitute our own judgment " 'as to whether defense counsel's actions or inactions constituted ineffective assistance of counsel.' " *Id.* at 122 (quoting *Aliberti v. Solem,* 428 N.W.2d 638, 640 (S.D.1988)).

## ANALYSIS AND DECISION

### [¶ 7.] 1. Whether the trial court unlawfully enlarged Lykken's sentence?

█ [¶ 8.] At the sentencing hearing, the trial court orally pronounced sentence upon Lykken on all four counts for which the jury had found him guilty. Lykken was sentenced to imprisonment in the state penitentiary for 100 years for first-degree rape, 100 years for first-degree kidnapping, 25 years for first-degree burglary and 2 years for simple assault. The trial court stated the 2–year sentence was to run concurrently with the other terms of years and the 25–year sentence was to run consecutively to the rape and kidnapping sentences. The trial court did not state whether the rape and kidnap-

ping sentences themselves were to run concurrently or consecutively.

[¶ 9.] Within fifteen minutes of the court's oral pronouncement of this sentence and before any of the parties and their attorneys had left the courtroom,[1] the trial court reconvened court and corrected the sentence, stating that the rape and kidnapping sentences were to run consecutively. The trial court stated this was the correct sentence as reflected in the court's written notes.[2]

[¶ 10.] The trial court's comments indicate it was correcting an inadvertent omission from the court's intended sentence, as reflected in the court's written notes. We interpret this clarification of Lykken's sentence under SDCL 23A–31–2, which provides that "[c]lerical mistakes in judgments, orders or other parts of a record and errors in a record arising from oversight or omission may be corrected by a court at any time and after such notice, if any, as the court orders." Application of this statute is illustrated in *State v. Whalen,* 367 N.W.2d 186 (S.D.1985). In *Whalen,* we held that where a court's

---

1. Lykken testified at the habeas hearing that the State's Attorney and his own trial counsel went into chambers with the trial judge after court was adjourned at 4:05 p.m. Just prior to entering the judge's chambers, Lykken's counsel obtained the judge's permission for Lykken to sit in the courtroom with two officers from the sheriff's office because counsel wished to speak with Lykken immediately after he met with the judge and the State's Attorney in chambers. Fifteen minutes later, the trial judge and both attorneys reentered the courtroom whereby the judge notified counsel he desired to make a further record.

   We note the State informed the habeas court that at the time of trial, there were two other felony actions pending against Lykken, one involving the victim in the present case and one involving a different victim in which a grand jury had indicted Lykken prior to this trial. Lykken was in custody, therefore, as per the State, for three separate felony prosecutions.

2. The full text of the sentencing court's comments upon reconvening court are as follows:
   All right, you will have to be seated, there is a correction I want to make on the record. Please sit down if you want to stay. [The record reflects this was directed at the victim and others who were still standing at the back of the courtroom.] The record should show that after the adjournment that it was indicated to me, or the question was made as to whether or not the sentence on the rape in the first degree offense is to run consecutively with

   the kidnapping offense. As I recollect my remarks, I did not mention that. Although it is in my notes, I neglected to mention that. I want the record to show that the defendant Mr. Lykken is still present at this time, that Mr. McCahren, his attorney, is here; and that Mr. Craig Thompson, the State's Attorney, is also present.
   I want the record to further show that the court is reopening the sentence of this defendant at this time to correct a portion of the court's sentence, which it had in its notes but neglected to pronounce in the record. And that correction is as follows: That the kidnapping offense, that stays as it was entered. With respect to the sentence on the rape in the first degree, the sentence was 100 years, and I want the record to show that sentence runs consecutively. That was the intention of this court, that was the notes of this court, and I simply neglected to make that reference in the record. I see no reason why the defendant has been prejudiced by this late amendment of the judgment and sentence of this court. It is a procedural matter which I felt needed immediate attention and correction. And that Mr. Thompson, the other two, of course, I think I did indicate were consecutive, that is the burglary and simple assault.
   In fact, the trial court ordered the two-year sentence on the simple assault conviction to run concurrently. This discrepancy is not an issue on habeas appeal.

order had omitted a one-year requirement of probation and the defendant was told in open court that the order meant he was on probation for one year, the court's clarification order was a valid correction of an oversight or omission, authorized under SDCL 23A–31–2.

[¶ 11.] Our state rules of criminal procedure, SDCL Ch. 23A, were adopted from the Federal Rules of Criminal Procedure. *State v. Ford*, 328 N.W.2d 263, 267 (S.D.1982). SDCL 23A–31–2 is identical to Federal Rule of Criminal Procedure 36. In addressing the purpose of Rule 36, federal courts have noted "Rule 36 was intended to allow correction of clerical errors, not to allow reassessment of the merits of an earlier decision after the time for reconsideration or appeal ha[s] elapsed." *United States v. Jones*, 608 F.2d 386, 389 (9th Cir.1979). *See also United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995) (holding that "Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing."); *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir.1987) (holding "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature").

[¶ 12.] Federal courts, applying this rule to situations factually similar to the one before us, have held:

> The terms of an oral pronouncement that clearly provide for a consecutive or concurrent sentence control a contrary, silent or ambiguous written judgment. *When the oral pronouncement of sentence does not resolve whether a sentence runs consecutively or concurrently, the clearly expressed intent of the sentencing judge discerned from the entire record controls.* Finally, a presumption of concurrence operates to bar later imposition of a consecutive sentence when the oral pronouncement of sentence, the written judgment and the record do not clearly reveal the intent of the sentencing judge.

*United States v. McAfee*, 832 F.2d 944, 946 (5th Cir.1987) (internal citations omitted)

(emphasis added); *see also United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir.1994); *Holloway v. United States*, 960 F.2d 1348, 1359 (8th Cir.1992) (holding if the actual verbal judgment is ambiguous, the intent of the sentencing court may be construed from the entire sentencing pronouncement.); *United States v. Raftis*, 427 F.2d 1145, 1146 (8th Cir.1970) (stating mere "impreciseness of language will not negate the court's obvious intent.").

[¶ 13.] We have recently held that:

> if the sentencing court was not patently clear at the oral sentencing as to its intent, there is guidance to interpret the intent. An orally pronounced sentence does control over the written judgment, however, if the verbal sentence is not clear, the intent of the sentencing court may be construed from the entire record.

*State v. Sieler*, 1996 SD 114, ¶ 12, 554 N.W.2d 477, 481 (citing *State v. Johnston*, 478 N.W.2d 286, 288 (S.D.1991); 8A Moore's Federal Practice § 36.02 (2d ed 1995); *Tramp*, 30 F.3d at 1037). Here, the court's oral pronouncement, standing alone, was silent as to whether Lykken's sentences for kidnapping and rape were to run concurrently or consecutively. Examination of the entire record readily demonstrates the sentencing court intended these sentences to run consecutively. Any presumption of concurrence, as urged by Lykken, is barred by the clear intent of the sentencing court, as reflected in its written notes, its oral comments upon reconvening court, and the court's written judgment.

[¶ 14.] *State v. Bucholz*, 403 N.W.2d 400 (S.D.1987) and *State v. Ford*, 328 N.W.2d 263 (S.D.1982), cited by Lykken and addressing SDCL 23A–31–1, are inapposite. SDCL 23A–31–1 permits a sentencing judge to correct an illegal sentence or a sentence imposed in an illegal manner, but does not permit increasing a sentence once the convicted defendant has commenced serving the sentence. *Ford*, 328 N.W.2d at 267; *State v. Tibbetts*, 333 N.W.2d 440 (S.D.1983). *See also Sieler*, 1996 SD 114, ¶ 10, 554 N.W.2d at 480.

[¶ 15.] In *Bucholz, supra,* the trial court resentenced the defendant in a hearing held approximately one week after the original sentencing had been pronounced. The need for rehearing was announced by the trial court one hour after the first sentencing hearing had concluded. The trial court determined resentencing was necessitated by defendant's and defendant's wife's false testimony at the original sentencing hearing regarding defendant's consumption of alcoholic beverages. The trial court noted it had based its original sentencing entirely on the representation that Bucholz had not been consuming alcohol, and stated: "I'm going to vacate the sentence of this court which was handed down just about an hour ago and intend to resentence the defendant. And I can tell you right now the sentencing will be more severe than the sentence previously [imposed]." *Bucholz,* 403 N.W.2d at 402. On appeal, we reversed and remanded for reinstatement of the original sentence, holding that SDCL 23A–31–1 did not provide authority for the trial court's increasing Bucholz' sentence.

[¶ 16.] In *Ford, supra,* the trial court sentenced the defendant to thirty-six months in the state penitentiary with credit for time served in the county detention center. Three days later, after Ford had been remanded to the sheriff's custody but prior to his transportation to the penitentiary, the trial court ordered Ford back into court and, sua sponte, increased Ford's sentence to ten years' imprisonment. We reversed and remanded for reinstatement of the thirty-six month-sentence on the grounds that SDCL 23A–31–1 did not permit such an increase in sentencing.

[¶ 17.] Federal courts, applying a parallel rule, have stated its purpose is to give every convicted defendant a second opportunity before the sentencing judge and provides the sentencing judge with the opportunity to "reconsider the sentence in light of any further information about the defendant or the case which may have been presented to him in the interim." *United States v. Colvin,* 644 F.2d 703, 705 (8th Cir.1981). *See also United States v. Smith,* 650 F.2d 206, 208 (9th Cir. 1981) (noting the function of the rule "is simply to allow the district court to decide if, on further reflection, the original sentence now seems unduly harsh.").

[¶ 18.] The facts surrounding Lykken's sentencing indicate the trial court was merely correcting a clerical oversight and was not resentencing to increase Lykken's sentence as occurred in *Bucholz* or *Ford.* The trial court can clarify its sentence where it cannot reconsider or amend it. We hold the sentencing court did not illegally enlarge Lykken's sentence, but properly corrected his sentence as authorized by SDCL 23A–31–2.

[¶ 19.]   **2.   Ineffective   Assistance   of Counsel**

[¶ 20.] Our review of this issue begins with "the presumption that an attorney is competent until a showing to the contrary is made; thus, the petitioner carries a heavy burden in establishing ineffective assistance of counsel." *Jenner,* 521 N.W.2d at 425 (citing *United States v. Valenzuela,* 521 F.2d 414 (8th Cir.1975), *cert. denied,* 424 U.S. 916, 96 S.Ct. 1117, 47 L.Ed.2d 321 (1976); *State v. Walker,* 287 N.W.2d 705, 706 (S.D.1980)). We do not debate the guilt or innocence of the petitioner, but examine his constitutional right to effective counsel. Such effective counsel, however, is not always equated with a successful result. *Jenner,* 521 N.W.2d at 425; *State v. McBride,* 296 N.W.2d 551, 554 (S.D.1980).

[¶ 21.] Lykken was represented at trial and on direct appeal by the same counsel. In his habeas proceeding, Lykken claimed ineffective assistance of counsel both at trial and in his direct appeal to this Court. We will address the alleged ineffective conduct in the order in which the legal proceedings occurred.

[¶ 22.] *A.   Ineffective Assistance of Trial Counsel*

■  [¶ 23.] Lykken claims that at trial, he received ineffective assistance by his counsel's failure to file the proper motion in limine to prevent the State from making any reference to his criminal history, including his time spent in the penitentiary. He further claims that, although trial counsel objected when such reference was made

through witnesses statements and prosecutorial reference in closing argument, trial counsel failed to state grounds for objection. Although Lykken argues failure to file the proper motion, he admits his attorney did file a motion in limine regarding the subject of his claim of ineffective assistance. We note at the outset that the decision whether to make motions or objections at trial are within the trial counsel's discretion. *Roden v. Solem*, 431 N.W.2d 665, 667 (S.D.1988); *State v. Anderson*, 387 N.W.2d 544, 546 (S.D.1986). "This general rule will not apply, however, where trial counsel's actions cannot reasonably relate to any strategic decision and are clearly contrary to the actions of competent counsel in similar circumstances." *Roden*, 431 N.W.2d at 667.

[¶ 24.] The habeas court found that Lykken's trial counsel made the proper motion, and made appropriate objections at trial. The habeas court further found Lykken's trial counsel moved for a mistrial, which motion was denied by the trial court. Our review of the record indicates these findings are not erroneous. We note the comments which the jury heard at trial came from the victim's testimony of what Lykken said to her during the rape and kidnapping and in phone calls Lykken placed to her afterwards, to wit, "I will die before I go back to the pen." There were similar statements, made by Lykken to other witnesses, which were heard by the jury when these witnesses testified regarding events subsequent to the rape and kidnapping. Thus, the statements to which Lykken objects were all stated either during commission of the crime or during the events which unfolded in the hours after the crime up to the time of his arrest. The habeas court found these statements admissible as admissions against interest, SDCL 19–16–3, and on the basis they were not more prejudicial than probative, nor were they cumulative, or misleading. SDCL 19–12–3.

[¶ 25.] We find no error in the habeas court's finding that the statements complained of were properly admitted at trial, following Lykken's attorney's motion attempting to prevent their admission and appropriate objections. Lykken presented a defense of consent which these statements directly negated. As evidence admitted at trial, Lykken's statements could be referred to by the State in its closing argument. *State v. Mitchell*, 491 N.W.2d 438, 443 (S.D. 1992). Lykken's claim of ineffective assistance of trial counsel is without merit.

[¶ 26.] *B. Ineffective Assistance of Appellate Counsel*

[¶ 27.] Lykken's claim of ineffective assistance of appellate counsel is that the above argument was made on direct appeal[3] but waived due to his counsel's failure to cite supporting authority as required by SDCL 15–26A–60. *See State v. Knoche*, 515 N.W.2d 834, 840 (S.D.1994); *State v. Dixon*, 419 N.W.2d 699, 701 (S.D.1988). To establish ineffective assistance of counsel, Lykken must prove deficient representation and that such deficiency was prejudicial to him. *Loop*, 1996 SD 107, ¶ 14, 554 N.W.2d at 191.

To establish ineffective assistance of counsel, a defendant must prove (1) that counsel's representation fell below an objective standard of reasonableness and (2) that such deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hopfinger v. Leapley*, 511 N.W.2d 845 (S.D. 1994). Relying on *Strickland, Woods v. Solem*, 405 N.W.2d 59, 61 (S.D.1987), held that prejudice exists when there is a reasonable probability that, but for counsel's unprofessional errors, the proceeding would have been different. It is not enough for the petitioner to show that the verdict would have been different, he must show 'that the counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'

---

3. Lykken's appellate habeas brief refers to the direct appeal issue only as one claiming prosecutorial misconduct without detailing the exact nature of the alleged misconduct. The State's brief advises this Court the prosecutorial misconduct argued on direct appeal involved the prosecutor's reference in closing arguments to Lykken's statements that he would not return to the penitentiary. Lykken has not filed a reply brief, *see* SDCL 15–26A–62 and 23A–32–14, disputing that this constituted the basis of his claim.

*Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Hopfinger,* 511 N.W.2d at 847.

*Fast Horse v. Leapley,* 521 N.W.2d 102, 104 (S.D.1994). *See also Freeman v. Leapley,* 519 N.W.2d 615, 616 (S.D.1994). Other courts have held trial counsel and appellate counsel to the same standard when determining an ineffectiveness of counsel claim. *See Kirby v. State,* 550 N.E.2d 1343, 1345 (Ind. App.1990).

[¶ 28.] As the ·contested statements were found to be properly admitted as admissions against interest under SDCL 19-16-3 and as more probative than prejudicial under SDCL 19-12-3, Lykken has failed to show the grounds under which he was seeking relief have merit. We cannot find, therefore, that he was prejudiced by appellate counsel's failure to cite supporting authority in its argument on direct appeal of this issue.[4]

[¶ 29.] We affirm the denial of the writ of habeas corpus.

[¶ 30.] MILLER, C.J., and AMUNDSON and KONENKAMP, JJ., concur.

[¶ 31.] SABERS, J., dissents.

SABERS, Justice (dissenting).

[¶ 32.] I dissent on Issue 1 as the trial court improperly enhanced the oral sentence. The trial court orally sentenced the defendant to *concurrent* sentences for rape and kidnapping. Fifteen minutes later, in violation of *Bucholz,* 403 N.W.2d at 402–03 and *Ford,* 328 N.W.2d at 266–68, the trial court improperly enhanced the *concurrent* sentences by making them *consecutive.* The fact that the trial court originally intended consecutive rather than concurrent sentences, and made a mistake at the oral sentencing, is immaterial under *Bucholz* and *Ford.* In *Ford,* we held that it was too late for the trial court to modify an oral sentence once the prisoner suffers some confinement in the custody ·of a sheriff. 328 N.W.2d at 267. As noted in the majority opinion, *supra* at note 1, immediately after sentencing, Lykken was permitted to wait for his counsel

*in the custody of two officers from the sheriff's office.* Here, as in *Ford,* it was simply too late for the court to alter the oral sentence. Similarly, in *Bucholz,* this court held that the brevity of a one-hour lapse between the initial sentencing and the illegal resentencing was immaterial when the defendant was already in the custody of a sheriff. 403 N.W.2d at 403.

[¶ 33.] Although I am not adverse to overruling *Sieler* (see my dissent at 1996 SD 114 at ¶¶ 25–33, 554 N.W.2d at 483–85), it may not be necessary to do so because the issue in that case was not whether his sentence was illegally increased, but rather ·whether his parole was illegally enhanced or increased. *Id.* at ¶ 10, 554 N.W.2d at 480.

[¶ 34.] I also write specially in relation to ¶ 4, to point out that habeas corpus reaches jurisdictional error, constitutional error, all "causes" listed in SDCL 21–27–16(1) through (7) and other illegal detentions, including those resulting from failure to comply with "substantive statutory procedure." *Black v. Class,* 1997 SD 22, ¶ 34, 560 N.W.2d 544, 552 (Sabers, J., concurring specially) (collecting cases).

---

4. We note the direct appeal addressed three other issues at length in affirming Lykken's conviction and sentence. *Lykken,* 484 N.W.2d at 875–880.