1999 SD 164

Clyde H. COFFEY, Petitioner
and Appellant,

v.

SOUTH DAKOTA BOARD OF
PARDONS AND PAROLES,
Appellee.

No. 20971.

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1999.

Decided Dec. 29, 1999.

Julie A. Hofer, Minnehaha County Public Defender's Office, Sioux Falls, South Dakota, Attorney for petitioner and appellant.

Mark Barnett, Attorney General, Ann C. Meyer, Assistant Attorney General, Pierre, South Dakota, Attorneys for appellee.

KONENKAMP, Justice.

[¶ 1.] After Clyde H. Coffey appeared before the Board of Pardons and Paroles, the Board ordered that enough of his previously withheld good time be returned to allow his release in ninety days. Later the Board recognized that its order was in error as it only intended to return ninety days of good time. Was the Board authorized to deal with this mistake as a clerical error by simply issuing a corrected order? Because the Board acts in a quasi-judicial capacity, we conclude it has authority similar to a court's to correct clerical mistakes. We affirm the circuit court's decision upholding the Board's authority.

**Facts**

[¶ 2.] Coffey was sentenced to the South Dakota State Penitentiary in July 1993 after pleading guilty to grand theft in Pennington County. He was later released on parole, but was returned to the penitentiary for a parole violation. His good time was reduced by two years and three months.

[¶ 3.] Coffey appeared for a parole hearing before a member of the Board on December 11, 1997. Afterwards, Board member Daniel Nichols filled out a preprinted form. He initialed the line next to Assessment Standard section seven, which read: "RETURN ENOUGH GOOD TIME to make release effective _____." In the blank space he wrote "90 days." The full Board approved this decision with an order dated December 12, 1997.

[¶ 4.] Seventeen days later, Nichols wrote the Board's Executive Director, Dan Jacobson, to inform him that a mistake had been made on the form: "It was my intention to return 90 days good time to Mr. Coffey. It was *not* my intention to return enough good time so that Mr. Coffey would be released in 90 days." Coffey

appealed to the circuit court. The parties stipulated to a remand and the circuit court accordingly directed the Board to hold an additional hearing to clarify its decision on Coffey's good time.

[¶ 5.] On remand, the Board ruled that a clerical error had been made in completing the form: there was no intent to return good time sufficient to release Coffey in ninety days. To rectify the error, the Board entered a revised order returning ninety days of good time to Coffey. On appeal, the circuit court concluded that the Board had the power to correct a clerical mistake on the original order, and that Coffey's constitutional rights had not been violated.

[¶ 6.] Coffey appeals, asking if the circuit court erred in ruling (1) that the Board did not exceed its statutory authority when it amended its order; and (2) that Coffey was not denied his right to due process by the Board's action of amending its order. These issues raise questions of law which we review de novo. *City of Colton v. Schwebach*, 1997 SD 4, ¶ 8, 557 N.W.2d 769, 771.

**Analysis and Decision**

*1. Authority to Correct Clerical Error*

[¶ 7.] Coffey believes the circuit court erred in deciding that the Board can correct what it determined to be a clerical error. Citing *Lykken v. Class*, 1997 SD 29, ¶¶ 11–12, 561 N.W.2d 302, 306, he argues that if a judge's unexpressed objectives cannot be used to later change a judgment, then Nichol's unexpressed intentions at the time the form was completed cannot be used to change the Board's written order. Coffey asserts that if the Board is allowed to modify a decision by simply classifying it as a clerical error, no decision will be final, and inmates who have been released may be brought back to the penitentiary at any time.

[¶ 8.] Does the Board have authority to correct a clerical error? Courts are certainly allowed to correct clerical mis-

takes. "Clerical mistakes in judgments, orders or other parts of a record and errors in a record arising from oversight or omission may be corrected by a court at any time and after such notice, if any, as the court orders." SDCL 23A–31–2 (Rule 36). We held in *Lykken* that a trial court was authorized by SDCL 23A–31–2 to clarify a sentence it had handed down, though it could not amend or reconsider the sentence. *Lykken,* 1997 SD 29, ¶ 18, 561 N.W.2d at 307. The court was "correcting a clerical oversight" when it explained that the sentences orally handed down fifteen minutes earlier were to run consecutively and not concurrently. *Lykken,* ¶¶ 9, 18, 561 N.W.2d at 305, 307. In *State v. Whalen,* 367 N.W.2d 186 (S.D.1985), we also held that the circuit court could clarify an order in which there was a misunderstanding on the length of probation ordered. *Id.* at 187.

[¶ 9.] "Courts have the inherent power to correct their records to reflect accurately the judgment of the court, whether the correction is necessitated by clerical errors or inadvertence." *Wolff v. Weber,* 1997 SD 52, ¶ 8, 563 N.W.2d 136, 138 (citations omitted). The Board is not a court, but it performs quasi-judicial functions, and although "administered under the direction and supervision of the Department of Corrections," it exercises those functions "independently of the Department of Corrections." SDCL 24–13–3. A "quasi-judicial function" is defined in SDCL 1–31–1(10) to mean

> an adjudicatory function exercised by an agency, involving the exercise of judgment and discretion in making determinations in controversies. The term includes the functions of interpreting, applying, and enforcing existing rules and laws; granting or denying privileges, rights, or benefits; issuing, suspending, or revoking licenses, permits and certificates; determining rights and interests of adverse parties; evaluating and passing on facts; awarding compensation; fixing prices; order-

ing action or abatement of action; holding hearings; adopting procedural rules or performing any other act necessary to effect the performance of a quasi-judicial function.

The Board is specifically given the authority to return previously withheld good time when an inmate requests its return during an appearance before the Board for a parole hearing. SDAdminR 17:60:03:13. When the Board discovered what it determined to be a clerical error in its order, it reasonably exercised its quasi-judicial power to correct that error.

## 2. Due Process Violation in Amending Decision

[¶ 10.] Coffey characterizes the Board's action as not a correction of a clerical error, but as a taking of good time earlier returned. "[D]ue process of law attaches to good time credit that an inmate earns pursuant to state law, and ... certain minimal due process procedures must be followed before good time may be revoked." *Lewis v. Class,* 1997 SD 67, ¶ 21, 565 N.W.2d 61, 64 (citations omitted). *See South Dakota v. Weekley,* 90 S.D. 192, 240 N.W.2d 80, 83 (1976) (an inmate must be provided notice and hearing on the charges upon which officials intend to withhold good time).

[¶ 11.] Was this the correction of a clerical error or the taking away of good time that had been returned? A "[c]lerical mistake refers to the type of error identified with mistakes in transmission, alterations, or omission of a mechanical nature." *Wolff,* 1997 SD 52, ¶ 9, 563 N.W.2d at 138 (*quoting Spomer v. Spomer,* 580 P.2d 1146, 1149 (Wyo.1978)). An erroneous filling out of a form fits well within this definition. Coffey's good time was originally taken away for a violation of the conditions of his parole. At the December 11, 1997 parole hearing, he was given back some of that previously withheld time, as provided in SDAdminR 17:60:03:13. When the circuit court remanded the matter to allow the Board to determine if a clerical error had

been made, the Board made a factual finding that Nichols had made a mistake in filling in the blank on the form and that there had never been an intent to release Coffey in ninety days. The order was corrected to reflect both Nichol's and the Board's intention to *return* ninety days of good time. "This Court will give great weight to findings made and inferences drawn by an agency on questions of fact." *Spitzack v. Berg Corp.*, 532 N.W.2d 72, 75 (S.D.1995) (citing *Matter of SDDS, Inc.*, 472 N.W.2d 502, 507 (SD 1991)). The correction of this clerical error did not violate due process rights.

[¶ 12.] Affirmed.

[¶ 13.] MILLER, Chief Justice, and SABERS, AMUNDSON, and GILBERTSON, Justices, concur.