2003 SD 74

**Jeffrey GRAJCZYK, Appellant,**

v.

**STATE of South Dakota, Appellee.**

**No. 22644.**

Supreme Court of South Dakota.

Considered on Briefs April 28, 2003.

Decided July 2, 2003.

Steve Miller, Sioux Falls, South Dakota, Attorney for appellant.

Lawrence E. Long, Attorney General, Frank E. Geaghan, Assistant Attorney

General, Pierre, South Dakota, Attorneys for appellee.

PER CURIAM.

[¶ 1.] Jeffrey Grajczyk appeals the terms of his confinement to the South Dakota State penitentiary following his mistaken release from prison on a suspended sentence. Grajczyk claims he is being required to serve the same sentence twice.

## FACTS AND PROCEDURE

[¶ 2.] In June 1994 Grajczyk was sentenced to serve fifteen years for aggravated assault. At the time it was imposed, the fifteen year sentence consisted of seven years to be served with eight years suspended. After credit for time served, this sentence was commenced on May 8, 1994.

[¶ 3.] On September 19, 1997, Grajczyk pled guilty to possession of marijuana by an inmate and received an indeterminate sentence of three to twenty-four months. This sentence was to be served consecutive to his prior sentence for aggravated assault. The Board of Pardons and Paroles (Board) set the sentence at two years for the possession of marijuana conviction. In addition, because the conviction resulted from Grajczyk's possession of marijuana as an inmate the Board revoked the suspended eight years of the conviction for aggravated assault on October 24, 1997.

[¶ 4.] Grajczyk appealed the Board's revocation decision. The circuit court reversed the Board's decision. Thereafter, this Court in *Grajczyk v. Board of Pardons and Paroles*, 1999 SD 149, 603 N.W.2d 508, reversed the circuit court and upheld the Board's decision revoking the suspended eight years. Following that decision, nothing was done to effectuate the revocation until an order was filed on July 16, 2001.[1] In the meantime, the penitentiary records only reflected the reversal by the circuit court ordering the eight years to remain suspended. Consequently, the penitentiary record as it existed showed that Grajczyk had served the required time for the seven year sentence for aggravated assault and also the two year sentence for possession of marijuana. Therefore, Grajczyk was released on June 7, 2001 with suspended sentence status.

[¶ 5.] The State eventually discovered this error and Grajczyk was re-arrested and returned to the penitentiary on July 10, 2001. Grajczyk appealed to the Board claiming that he was entitled to a continuation of his supervised release. The Board rejected that claim reasoning the fifteen year sentence was still required to be served following this Court's decision reinstating the revocation of the suspended sentence. Therefore, this made Grajczyk ineligible for release at that time. In addition, the Board rejected Grajczyk's claim that he had already served the sentence for possession of marijuana and determined that until that initial sentence for aggravated assault was completed Grajczyk had not served the sentence on the possession conviction. The Board determined that the proper timeframe for each sentence was as follows:

**Aggravated Assault**

| | |
|---|---|
| Start Date: | July 13, 1994 |
| Jail Time Credit: | 2 months, 5 days |
| Commence Date: | May 8, 1994 |
| Sentence: | 15 years |
| Term Expires: | May 8, 2009 |
| Goodtime Credit: | 6 years |
| Goodtime Release Date: | May 8, 2003 |

**Possession of Marijuana**

| | |
|---|---|
| Start Date: | May 8, 2003 |
| Jail Time Credit: | 0 days |
| Commence Date: | May 8, 2003 |

---

1. The record is not entirely clear as to what was the cause for delay on remand. The Board did find that it was a clerical error that resulted in the errant release.

Sentence: 2 years
Term Expires: May 8, 2005

[¶ 6.] Grajczyk appealed the Board's decision to the circuit court. The circuit court affirmed the Board's decision. Grajczyk appeals contending the Board is unlawfully requiring him to re-serve the sentence for possession of marijuana after he had already fully served it. We affirm.

## STANDARD OF REVIEW

■■■ [¶ 7.] It is well settled that "[o]ur standard of review from decisions of administrative agencies is governed by SDCL 1–26–37." *Helms v. Lynn's, Inc.,* 1996 SD 8, ¶ 9, 542 N.W.2d 764, 766. This statute provides:

> An aggrieved party or the agency may obtain a review of any final judgment of the circuit court under this chapter by appeal to the Supreme Court. The appeal shall be taken as in other civil cases. The Supreme Court shall give the same deference to the findings of fact, conclusions of law and final judgment of the circuit court as it does to other appeals from the circuit court. Such appeal may not be considered de novo.

SDCL 1–26–37. Under this standard, "[t]his Court 'makes the same review of the administrative agency's decision as did the circuit court, unaided by any presumption that the circuit court's decision was correct.' " *Cheyenne River Sioux Tribe Tel. Auth. v. Public Util. Comm. of South Dakota,* 1999 SD 60, ¶ 12, 595 N.W.2d 604, 608. When the issue is a question of fact, we review the agency's actions under the clearly erroneous standard. *Id.* Issues involving questions of law are fully reviewable by this Court. *Id.* Further, " '[m]ixed

2. SDCL 24–15A–20 provides:
   *Consecutive sentencing-Parole eligibility.* Any person convicted of a felony while an inmate under the custody of the warden of

questions of law and fact are also fully reviewable.' " *Id.*

## ANALYSIS

### ISSUE

[¶ 8.] **Whether the Board's decision unlawfully requires Grajczyk to serve the same sentence twice.**

■■ [¶ 9.] Grajczyk does not dispute the Board's mathematical calculations concerning his sentence but, instead, argues that in this situation he is being unlawfully required to serve the possession for marijuana sentence twice. He relies exclusively upon the fact that prior to his release the penitentiary operated under the notion that he had served both the aggravated assault and possession sentences. For parole purposes, if the time remaining to be served is only for the aggravated assault conviction Grajczyk contends that his parole date would be advanced.[2] In essence, Grajczyk is arguing that his two year sentence for possession of marijuana interrupted his fifteen year sentence and as a result that sentence is now fully served. Grajczyk does not claim, and in fact concedes, that he is not being required to serve more than the raw number of years imposed by both sentences. Rather, he opposes the timing of the sentences.

[¶ 10.] The legislature has clearly set forth when a sentence commences if an inmate is convicted of a crime. To that extent, SDCL 23A–27–36 provides:

> If any prisoner commits a crime, upon conviction, the sentence of the prisoner shall not commence to run until the expiration of the last sentence of his imprisonment.

the penitentiary and for which the sentence is made to run consecutively is not eligible for consideration for parole until serving the last of such consecutive sentences.

Grajczyk's commission of an offense while incarcerated invoked this statutory provision and upon his conviction the trial court correctly determined that the two offenses would be served consecutively. As a result, the earliest the sentence could begin running on this conviction was from the expiration of the imprisonment on the aggravated assault charge. *See State v. Meyers,* 1997 SD 115, ¶ 11, 571 N.W.2d 847, 849. In addition, with the commission of that offense Grajczyk violated the terms of his suspended sentence.

[¶ 11.] This Court has previously addressed and determined that the Board did not err in revoking the suspended sentence thereby requiring Grajczyk to serve the full fifteen year sentence. *Grajczyk,* 1999 SD 149, ¶ 10, 603 N.W.2d at 511. In so holding, this Court reversed and remanded to the circuit court in an opinion issued November 23, 1999, with instructions to affirm the Board's determination. *Id.* ¶ 17. Consequently, Grajczyk was required to serve the full sentence for aggravated assault and the suspended years were no longer suspended. Yet, for some unexplained reason, this was not effectuated on remand until July 17, 2001.

[¶ 12.] Grajczyk contends that because the penitentiary operated under the mistaken notion he was serving time on the possession conviction prior to his mistaken release then that is the order in which the sentences must be treated as being served. As previously mentioned, this would be contrary to SDCL 23A–27–36. It is important to note that this is not a case where Grajczyk is claiming the time he did serve has not been applied toward his sentence. The penitentiary records reflect that Grajczyk was credited with time mistakenly attributed to the possession conviction when correctly calculating the time required to be served for the aggravated assault conviction. In fact, it also appears

he was credited with the time he was released on supervised status as time served for that conviction. After discovering this recordkeeping error a correction was immediately made to reflect Grajczyk's correct status in the penitentiary. However, as Grajczyk points out, that occurred after the errant release. As to the effect of this, it is certainly not insignificant that Grajczyk admitted he was aware that the suspended sentence had been revoked when discussing his release with the Board but he made no mention of that fact. Clearly, as of November 23, 1999, Grajczyk knew that he was required to serve the entire fifteen years for the aggravated assault conviction.

■ [¶ 13.] Furthermore, Grajczyk contends that his remand to custody and the correction of his sentence violates the prohibition against double jeopardy. Certainly, the double jeopardy clauses of both the State and Federal constitutions protect against multiple punishments for the same crime if not legislatively authorized. *See State v. Weaver,* 2002 SD 76, ¶ 10, 648 N.W.2d 355, 359 (citations omitted). However, Grajczyk is not being punished twice; instead, the Board's determination ensures he will be serving both sentences as originally required. The Minnesota Supreme Court has determined that:

> The double jeopardy guarantees are generally not violated when a district court corrects an unauthorized sentence, even if the sentence is increased. This is because a sentence does not have the qualities of constitutional finality that attend an acquittal. *Moreover, [defendant's] revised sentence does not impose multiple punishments, but simply the single punishment that was mandatory at the time of sentencing.* Therefore, the correction of his sentence does not violate double jeopardy.

*State v. Calmes,* 632 N.W.2d 641, 649 (Minn.2001) (emphasis added). The correction here was pursuant to a statutorily mandated sequence for sentencing.[3] Grajczyk does not contend the Board's current calculations are incorrect. Those calculations incorporate the decision by this Court in Grajczyk's first case.

[¶ 14.] While Grajczyk points to authority indicating that "due process must in principle impose an outer limit on the ability to correct a sentence after the event" that authority only applies to extreme cases. *See DeWitt v. Ventetoulo,* 6 F.3d 32, 35–36 (1st Cir.1993)(holding due process limited State's ability to re-impose a life sentence six years after suspending all but fifteen years of a life sentence and releasing defendant). In fact, the court in *DeWitt* noted that "the Constitution contains no general rule that prohibits a court from increasing an earlier sentence where the court finds that it was erroneous and that a higher sentence was required by law." *Id.* at 34. Yet, that court found that in an "extreme case" this rule may not apply. *Id.* This is not such a case.

[¶ 15.] The circuit court recognized:

[P]remature release and re-incarceration is a surprisingly frequent phenomenon. *See generally,* Gabriel J. Chin, GETTING OUT OF JAIL FREE: SENTENCE CREDIT FOR PERIODS OF MISTAKEN LIBERTY, 45 Cath. U.L.Rev. 403 (1996)(in collecting several cases on the topic of mistaken release and subsequent re-incarceration Gabriel observes well over 100 such incidents that have resulted in litigation). While some courts have found a protection-worthy liberty interest, this appears reserved for the most unusual circumstances as the vast majority of case law on the topic, have failed to find the type of uniquely arbitrary behavior by an administrative body which serves as a catalyst for substantive due process rights. *Id.* Tellingly, most of the cases cited by Grajczyk in supporting his administrative claim, fall within the unique and unusual cases commentators and judges recognize as being the exception.

While this mistake should not have happened, Grajczyk points to no authority that indicates he is entitled to any benefit from this error as a matter of law. Additionally, the cases he cites in support of his position are factually inapposite.

[¶ 16.] Affirmed.

[¶ 17.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, participating.

[¶ 18.] MEIERHENRY, Justice, disqualified.

---

**3.** SDCL 23A–31–1 (Rule 35) provides that a "court may correct an illegal sentence at any time." SDCL 23A–31–2 (Rule 36) provides that "clerical mistakes in judgments, orders or other parts of a record and errors in a record arising from oversight or omission may be corrected by a court at any time." The court has "the power and, indeed, the duty to resentence [defendants] appropriately." *United States v. Martin,* 786 F.2d 974, 976 (10th Cir.1986) (citing Rule 35). *See also Coffey v. Bd. of Pardons and Paroles,* 1999 SD 164, 604 N.W.2d 238 (holding Board reasonably exercised its quasi-judicial powers to correct error).