2005 SD 103

**Neil LEE, Petitioner and Appellant,**

v.

**SOUTH DAKOTA BOARD OF PARDONS AND PAROLES,**
**Respondent and Appellee.**

**No. 23532.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 30, 2005.

Decided Oct. 19, 2005.

Kenneth M. Tschetter, Sioux Falls, SD, for plaintiff and appellant.

Lawrence E. Long, Attorney General, Frank Geaghan, Assistant Attorney General, Pierre, SD, for defendant and appellee.

MEIERHENRY, Justice.

[¶ 1.] This is an appeal from the trial court's review of the Board's revocation of Neil Lee's parole and suspended sentence. We affirm.

## FACTS

[¶ 2.] Neil Lee (Lee) pleaded guilty to possession of a controlled substance on October 10, 2002. He was sentenced to ten years in the South Dakota Penitentiary, with five of those years suspended contingent on his compliance with various conditions of suspension. After serving approximately two years of his sentence, Lee was offered parole. As a condition of parole, Lee was required to sign a supervision agreement. Condition 8 of the agreement provided: "I will not leave my assigned Agent's area or the State of South Dakota without permission, keeping my parole agent informed of my whereabouts and activities and submit such reports as required." A similar condition was not contained in the conditions of Lee's suspended sentence. Lee signed the agreement and was released on parole on June 18, 2004.

[¶ 3.] Within the first week of Lee's release, his parole agent was unable to locate him. A violation report was filed on July 1, 2004, for violation of Condition 8 of the supervision agreement. Lee was eventually apprehended in Pipestone, MN on July 19, 2004.

[¶ 4.] Once Lee was back in custody, the parole revocation process began. Lee waived his right to a preliminary hearing and his right to a hearing before the Board of Pardons and Paroles (Board). He admitted to violating Condition 8 of his supervision agreement, but he submitted a letter to the Board. In the letter, Lee did not present any legal arguments or defenses in opposition to the violation of the parole conditions. Rather, he presented the potentially mitigating information explaining that he had absconded to help his daughter, who was having some personal problems. Because Lee had admitted to the violation, had waived his right to appear at a hearing, and had offered no defense but only mitigating evidence by way of a letter, no evidentiary hearing was held on the matter. The Board found that Lee had violated the terms of both his parole and his suspended sentence. An order revoking both parole and the suspended sentence was entered and the entire ten year sentence was imposed with no credit for the time spent on parole.

[¶ 5.] Lee appealed the order pursuant to SDCL 1–26–30.2. He then sought, and was provided, court appointed counsel. Lee filed a statement of issues which alleged that the Board violated Lee's due process rights by revoking his suspended sentence without providing proper notice that such a consequence was possible for violating Condition 8 of the supervision agreement. The Board submitted the limited agency record to the circuit court pursuant to SDCL 1–26–33. On December 21, 2004, without holding a hearing, the circuit court issued a memorandum decision denying Lee's appeal. A formal Order of Affirmance and Dismissal was filed on January 3, 2005. Lee appeals.

## ISSUES

1. Whether the circuit court erred in finding the Parole Board had the authority to revoke Lee's suspended sentence.

2. Whether the circuit court abused its discretion in failing to grant a hearing to address Lee's claims.

## STANDARD OF REVIEW

[¶ 6.] This is an appeal from an agency decision. SDCL 1–26–37 governs the standard of review. We review questions of fact under the clearly erroneous standard; mixed questions of law and fact and questions of law are reviewed de novo. *Grajczyk v. State*, 2003 SD 74, ¶ 7, 666 N.W.2d 472, 474. Matters of discretion are reviewed under an abuse of discretion standard. *See State v. Goodwin*, 2004 SD 75, ¶ 4, 681 N.W.2d 847, 849.

## DECISION

*The Parole Board's Authority to Revoke the Suspended Sentence*

[¶ 7.] Pursuant to Lee's admission, the Board found him in violation of the supervision agreement and revoked both his parole and his suspended sentence. Lee does not dispute that the Board generally has authority to revoke a suspended sentence. *See Turo v. Solem*, 427 N.W.2d 843, 846 (S.D.1988). Rather, Lee argues that the Board had no authority to do so in this case because he was not provided sufficient notice or "prior fair warning" that the suspended portion of his sentence could be revoked as part of his parole or the parole revocation process. *See Smith v. Board of Pardons and Paroles*, 515 N.W.2d 219, 223 (S.D.1994). The evidence does not support his claim.

[¶ 8.] Before being released on parole, Lee signed a supervision agreement in the presence of a witness. The agreement stated the following:

> I understand and agree that in the event I violate parole prior to my suspended sentence commencing, the Board has the authority to revoke the suspended portion, impose the entire sentence; and I may not be given credit for time spent on suspended sentence. The Board is charged with the responsibility for enforcing the conditions imposed by the sentencing judge and the Board retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of the suspension.

This provision expressly and clearly notified Lee that a violation of the parole conditions could result in the revocation of the suspended sentence. Lee's argument that the second sentence of the provision creates confusion and results in the notice being insufficient is unpersuasive. The meaning of the first sentence is unmistakable, even when considered in connection with the second sentence. Therefore, proper notice was provided to Lee. Consequently, his contention that the Board lacked authority to revoke the suspended sentence due to insufficient notice must fail.

*Failure to Grant a Hearing*

[¶ 9.] Lee further contends that his parole officer did not review the agreement with him, making the notice provided insufficient. The trial court did not consider this assertion, because it was raised for the first time on appeal and because it was "based on facts which do not appear in the settled record." The record supports the court's finding. Because Lee waived any hearing before the Board and admitted to the violation of his supervision agreement, no testamentary evidence was taken by the agency. The record is devoid of any information concerning this allegation. Since the trial court's review of the

agency decision was "confined to the record," facts not contained in the record cannot be raised absent the assertion of a specific legal basis for doing so. *See* SDCL 1–26–35.

[¶ 10.] In this case, Lee asserted no legal basis to the trial court that would allow the court to consider non-record evidence. So, to this extent, the trial court was correct in not considering the new evidence. Additional evidence can only be presented in an administrative appeal if the party can satisfy the court "that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency." SDCL 1–26–34. The statute provides:

> If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

*Id.* The problem Lee faces is that he did not apply to the court "for leave to present additional evidence." *See id.* His failure to ask the court's permission to present additional evidence precludes our consideration of the matter. *See Weber v. South Dakota Dept. of Labor,* 323 N.W.2d 117, 120 (S.D.1982) ("Issues not presented at the trial court level are not properly before this Court.").

[¶ 11.] Lee now claims that he was erroneously denied an opportunity to request the court to allow additional evidence because the trial court failed to schedule and hold a hearing pursuant to SDCL 1–26–33.6. Lee claims he was unable to make the request because the trial court decided and issued an opinion based solely on the record without setting a hearing date. Lee claims that it was error not to set a date and time for hearing. He relies on SDCL 1–26–33.6 which provides:

> Upon the filing of the record and other papers in the office of the clerk of the circuit court, it shall be the duty of such court when its attention is called to the matter by the parties, or one of them, immediately to fix a date for hearing, and said cause shall be speedily heard and determined.

Lee argues that SDCL 1–26–33.6 requires the court to set a hearing date. Lee claims that by making a decision without setting a hearing, the trial court improperly deprived Lee of his opportunity to file his application.

[¶ 12.] We do not agree. Under the plain meaning of the statute, the parties have the responsibility to notify the court of the necessity to set a hearing date. Under normal circumstances, the trial court has the discretion of setting a date for oral argument or deciding the matter based on the record without oral argument. The statute provides:

> The review shall be conducted by the court without a jury and shall be confined to the record. A trial de novo may not be granted unless otherwise authorized by law, but in cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, may hear oral argument.

SDCL 1–26–35. The wording of SDCL 1–26–33.6 requires the court to set a hearing date only "when its attention is called to the matter by the parties." *Id.*

[¶ 13.] Here, Lee was aware of his right to present additional evidence under SDCL 1–26–34, but he simply failed to pursue that right. In his verified motion to waive fees and appoint counsel, Lee stated "that he was aware that he has the right to request [the circuit court] to amend the record or conduct a trial de novo pursuant to 1–26–34 and 35...." Subsequently, when Lee's counsel filed his brief with the circuit court prior to that court's decision, Lee specifically raised the issue that his parole agent had not reviewed the supervision agreement with him. Moreover, the state responded by specifically pointing out that Lee's allegation was not in the record and Lee had not filed a motion to consider this nonrecord evidence as required by SDCL 1–26–34. Lee, however, never made the motion. Thus, he was not denied the opportunity to present additional evidence to the trial court.

[¶ 14.] Further, Lee waived his right to a hearing before the Board. Consequently, there were no transcripts presented as part of the appeal. Had he intended to ask permission to submit additional evidence, he needed to apprise the trial court of that intent. Had Lee done so, the court would have been put on notice that a hearing needed to be scheduled. Without that application, the trial court could not have known that Lee was requesting an evidentiary hearing. All Lee requested was oral argument. The trial court denied the request for oral argument and decided the case based on the record. The trial court has discretion to deny oral argument. SDCL 1–26–35. Since the court proceeded without oral argument, it had no need to schedule a hearing date. Without Lee's request to present additional evidence, the court had no reason to schedule a hearing date. Therefore under these circumstances, Lee was not denied the opportunity to move to present additional evidence

and the trial court did not err by failing to schedule a hearing.

[¶ 15.] We affirm.

[¶ 16.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.