# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1217

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Kelly Foster, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 16, 2007
Filed: January 31, 2008

_____

Before RILEY, TASHIMA,[1] and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Under a plea agreement, Kelly Foster (Foster) pled guilty to knowingly and intentionally possessing pseudoephedrine, knowing the pseudoephedrine would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1). The district court sentenced Foster to 60 months' imprisonment, but immediately suspended the sentence and placed Foster on five years' probation. The government appeals the sentence. For the reasons stated below, we vacate Foster's sentence and remand the case to the district court for resentencing.

_____

[1]The Honorable A. Wallace Tashima, United States Circuit Judge for the Ninth Circuit, sitting by designation.

## I.    BACKGROUND

Neither party challenges the facts leading to Foster's guilty plea, and although they take issue as to whether Foster's criminal history category should be either I or II, the real disputed issues are whether Foster's sentence is legal and reasonable. Thus, we briefly state the relevant facts.

Foster pled guilty to one count of knowingly and intentionally possessing pseudoephedrine knowing it would be used to manufacture methamphetamine. The presentence investigation report indicated Foster's total offense level was 27 with a criminal history category II. Foster's advisory Guidelines range was 78 to 97 months' imprisonment.

As part of his plea agreement, Foster reserved the right "to request a departure [to criminal history category I] based on over-represented criminal history." At sentencing, Foster requested a downward departure of one level on his criminal history category. The government objected to Foster's request. Indicating Foster's criminal history category was overstated, the district court overruled the government's objection and sentenced Foster to 60 months' imprisonment. The district court then suspended Foster's sentence and placed him on probation for five years. The government appeals, arguing Foster's sentence is illegal and unreasonable.

## II.    DISCUSSION

We review de novo the district court's interpretation and application of the Guidelines, United States v. Peterson, 455 F.3d 834, 837 (8th Cir. 2006), as well as any other issues of law. United States v. Bahena, 223 F.3d 797, 804 (8th Cir. 2000). However, we review for clear error the district court's factual findings. Peterson, 455 F.3d at 837.

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. . . . [T]he Guidelines should be the

starting point and the initial benchmark." <u>Gall v. United States</u>, __ U.S. __, 2007 WL 4292116 at *7 (2007). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. . . . He must make an individualized assessment based on the facts presented." <u>Id.</u> (footnote omitted).

"If [the district judge] decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." <u>Id.</u> "[A] major departure should be supported by a more significant justification than a minor one." <u>Id.</u>

On appeal, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." <u>Id.</u> "[The appellate court] must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." <u>Id.</u> "Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." <u>Id.</u>

With these precepts in mind, we find the district court's imposition of a suspended sentence constitutes an illegal sentence. We recently declared it is error for the district court to suspend a "sentence in the absence of the statutory authority to do so." <u>United States v. Ross</u>, 487 F.3d 1120, 1124 (8th Cir. 2007). In <u>Ross</u>, the district

court sentenced the defendant to a term of imprisonment and then suspended part of that sentence. Id. In remanding Ross for resentencing, we noted the authority to suspend federal sentences has been abolished. Id. Because the district court was not authorized to suspend Foster's sentence, the district court's sentence is illegal.

Foster acknowledges the district court erred, but contends the sentence is legal because the district court's written judgment does not mention his sentence was suspended. We cannot disregard the district court's legal error because, at sentencing, the district judge expressly stated:

> The court is sentencing you to 60 months based upon your overstated criminal history . . . . The court is going to suspend the imposition of this five-year sentence and place you on five years probation.

This sentence, as acknowledged by both parties, violates 18 U.S.C. § 3561(a)(3), which provides "[a] defendant who has been found guilty of an offense may be sentenced to a term of probation unless . . . (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." It is true that the district court's subsequent written judgment provides that "[t]he defendant is hereby sentenced to probation for a term of 5 years." Even assuming, as defendant does, that this would be a "legal" sentence, it cannot control over the oral pronouncement of sentence. "Where an oral sentence and the written judgment conflict, the oral sentence controls." United States v. Glass, 720 F.2d 21, 22 n.2 (8th Cir. 1983) (citing Johnson v. Mabry, 602 F.2d 167, 170 (8th Cir. 1979)); see also United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994) ("The oral pronouncement by the sentencing court is the judgment of the court."). Thus, the district court's later written judgment does not remedy its plainly illegal sentence.

Because Foster needs to be resentenced, we will not review the reasonableness of his sentence at this time. We do emphasize, however, that "[a]fter settling on the appropriate sentence, [a district judge] must adequately explain the chosen sentence

to allow for meaningful appellate review and to promote the perception of fair sentencing." <u>Gall</u>, __ U.S. __, 2007 WL 4292116 at *7. The district judge "must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." <u>Id.</u> at *6.

## III.  CONCLUSION

Based on the foregoing, we vacate Foster's sentence and remand for resentencing consistent with this opinion.

_____