# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3155

_____

United States of America,            *
                                     *
          Plaintiff – Appellee,      *    Appeal from the United States
                                     *    District Court for the
     v.                              *    Western District of Arkansas.
                                     *
Steven James Maggard,                *    [UNPUBLISHED]
                                     *
          Defendant – Appellant.     *

_____

Submitted: April 15, 2011
Filed: April 28, 2011

_____

Before LOKEN and MURPHY, Circuit Judges, and JARVEY,[1] District Judge.

_____

PER CURIAM.

Steven James Maggard pled guilty to transferring obscene material to a minor in violation of 18 U.S.C. § 1470. The district court sentenced him on September 16, 2010 to thirty months to be followed by three years of supervised release with specified conditions. Maggard asserts that the written judgment issued the next day did not conform to the court's oral sentence in respect to three conditions of his supervised release. He also objects to the substance of one of those conditions.

_____

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

Maggard points out three inconsistencies between the court's oral sentence and the written judgment. First, the district court ordered at sentencing that Maggard "shall comply with the requirements, if any, by the Arkansas sex offender law which may be applicable to him in light of his conviction in this case." The written judgment stated that Maggard "shall comply with any Arkansas sex offender registration requirement." Second, the court orally ordered that Maggard "shall submit, during the three-year period of supervised release, to any means utilized by the United States probation officer to track his whereabouts or location at any time if and when that is deemed necessary by the probation office" (the tracking condition). The written judgment stated that he "shall submit to any means utilized by the U.S. Probation Office to track his whereabouts or location at any time".

The third inconsistency identified by Maggard relates to a condition restricting his use of the internet (the internet condition). At sentencing, the court ordered that:

> [Maggard] shall not access the internet for any unlawful purpose, including, but not limited to, the type of activities that are shown to have been conducted by him by utilization of a cell phone in that connection, and this prohibition is to any electronic device that will provide internet access, whether it be a cell phone, iPad, laptop computer, desktop computer, or any type of computer means that has the capability of connecting with the internet.

The written judgment stated more broadly that Maggard "shall not have access to an internet-connected computer, cell phone, or other device with internet capabilities without prior approval by the U.S. Probation Office and for a justified reason not involving illegal activity."

Thus, the written internet condition of supervised release is more restrictive than that announced at sentencing, and the other two conditions under scrutiny vary slightly in form. When "an oral sentence and the written judgment conflict, the oral sentence controls." United States v. Foster, 514 F.3d 821, 825 (8th Cir. 2008); see

United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994) ("The oral pronouncement by the sentencing court is the judgment of the court."). The government does not object to Maggard's request to modify the written judgment to conform with the court's oral pronouncements. We therefore should remand the matter to the district court for that purpose. See United States v. Durham, 618 F.3d 921, 945 (8th Cir. 2010).

Maggard additionally challenges the substance of the tracking condition. We reverse such a condition only for an abuse of discretion and afford the district court "wide discretion in imposing conditions on a defendant's supervised release so long as they meet the requirements of 18 U.S.C. § 3583(d)." United States v. Boston, 494 F.3d 660, 667 (8th Cir. 2007). When explaining its imposition of the tracking condition, the district court stated that it wanted to ensure that Maggard would remain in Arkansas because he was required to comply with Arkansas sex offender registration rules. As the record reflects, the court had reasons to doubt whether Maggard would remain in Arkansas, including the fact that he had lived outside of the state for most of his life. We therefore conclude that the district court did not abuse its discretion by ordering that the probation office track Maggard's whereabouts during his supervised release.

Accordingly, we affirm the imposition of the tracking condition and remand the case to the district court so that it may conform the written judgment to the court's oral pronouncements in respect to the three varying conditions of supervised release.

_____