# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2788
_____

United States of America

*Plaintiff - Appellee*

v.

Ruben Joe Cruz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: April 15, 2022
Filed: July 5, 2022

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

When officers with a warrant arrived at a home to arrest Ruben Cruz on drug charges, he donned black clothes, fled, and shot an officer. A second officer returned fire and shot Cruz. Cruz later pleaded guilty to several drug and firearm offenses. Taking into account a mandatory consecutive 10-year sentence pursuant to 18 U.S.C. § 924(c), his advisory Guidelines sentencing range was effectively 250–282 months.

Cruz suggested a within-range 271-month sentence. The government recommended a sentence of 360 months. The district court[1] imposed an above-range 420-month sentence. Cruz appeals his sentence as substantively unreasonable. We affirm.

I.

Cruz repeatedly brought methamphetamine from Texas to North Dakota for sale. On March 6, 2020, state officers in South Dakota stopped and searched Cruz's vehicle, finding 641 grams of marijuana, 4 grams of heroin, over $1000 cash, raw marijuana, and drug paraphernalia. The officers arrested Cruz, but he posted bond, returned to North Dakota, armed himself, and continued using methamphetamine and selling drugs.

On July 20, 2020, a federal grand jury in South Dakota indicted Cruz and an arrest warrant issued. Officers learned that Cruz was staying at a residence in Grafton, North Dakota. On August 14, 2020, Officers Jones and Campoverde from the Grafton Police Department surveilled the residence. When Cruz exited, the officers approached. Cruz shot Officer Campoverde, who was wearing a marked police ballistic vest. The bullet entered Officer Campoverde's arm, caused nerve damage, collapsed his lung, and exited through his back. Officer Jones pursued and shot Cruz before apprehending him. Where Cruz fell, officers found the handgun used to shoot Officer Campoverde, 137 grams of methamphetamine and 73 grams of marijuana. A later search of the residence produced additional methamphetamine, marijuana, paraphernalia, and ammunition.

Cruz pleaded guilty to five offenses: Count 1, Conspiracy to Possess with Intent to Distribute and Conspiracy to Distribute a Controlled Substance; Count 2,

_____

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

Possession with Intent to Distribute a Controlled Substance; Count 3, Use of a Firearm During and in Relation to a Drug Trafficking Crime; Count 4, Possession of a Firearm by a Convicted Felon; and Count 5, Illegal Receipt of a Firearm by a Person Under Indictment. Counts 1 and 3 carried potential life sentences, and Count 3 carried a minimum sentence of a mandatory consecutive 120 months. See 21 U.S.C. § 841(b)(1)(A), 18 U.S.C. § 924(c).

Pursuant to a plea agreement, the government agreed to limit its sentencing recommendation to 360 months. The Presentence Investigation Report recommended an advisory range of 235–293 months with a mandatory consecutive sentence of an additional 120 months pursuant to 18 U.S.C. § 924(c). This range resulted from a Category VI criminal history (Cruz had 13 criminal history points) and a total offense level of 33. The offense level resulted in part from the application of a six-level upward adjustment to the offense level pursuant to U.S.S.G. § 3A1.2(c)(1) for assaulting an officer during flight.

At sentencing, Cruz argued that he had not known Officer Campoverde was a police officer. The government did not press the point, and the district court did not apply the six-level adjustment for section 3A1.2(c)(1). The resulting advisory Guidelines range was 130–162 months plus the consecutive 120 months, making the effective advisory range 250–282 months' imprisonment.

In advocating for a 271-month sentence, Cruz characterized the violence at the time of his arrest as an aberration. He noted that he earned the minimum criminal history points necessary to qualify as a Category VI and that some of his criminal history was so old as to almost not earn criminal history points. He described his criminal history as largely the product of his addiction to methamphetamine and his attempts to feed his addiction. The government emphasized that, after his arrest in South Dakota, Cruz armed himself, hid from authorities, and resumed selling drugs.

The district court rejected Cruz's arguments. The court noted violence in Cruz's criminal history and "dangerous behavior that is not just encompassed by drug and alcohol addiction." The court found it unbelievable that Cruz did not know his shooting victim was an officer because Officer Campoverde had been wearing a marked police ballistic vest at the time he was shot. The district court heard testimony from Officer Campoverde who still suffered nerve damage to his arm at the time of sentencing, was only 23 years old, required assistance in basic life functions, suffered PTSD, and likely could not work as an officer again. The district court emphasized the impact on Officer Campoverde's life and the dangerousness of Cruz's actions, regardless of whether Cruz had knowledge of the victim's identity as an officer. The district court also commented that Officer Jones "must" have experienced trauma from the act of shooting Cruz. Finally, the court imposed a sentence of 420 months' imprisonment and 5 years' supervised release.

## II.

We review the substantive reasonableness of a sentence under the abuse-of-discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). It can be an abuse of discretion to fail to consider an important factor, give "significant weight to an improper or irrelevant factor," or clearly err in the weighing of factors. Id. Here, Cruz argues the district court abused its discretion in several respects. First, according to Cruz, the district court improperly considered trauma to Officer Jones even though there was no evidence to show such trauma. Second, he argues the district court failed to consider several mitigation arguments and mischaracterized the arguments that it did address. And finally, he argues the court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors in that the court's explanation and the record did not justify a sentence 12 years above the top of the advisory range.

While it is true that the district court commented as to likely trauma experienced by Officer Jones who witnessed his partner being shot and who subsequently shot Cruz, we do not view these comments as indicating that the district court placed any significant weight on the likely trauma to Officer Jones. Rather, the comment was more in the nature of an afterthought. It was simply a subjective and common-sense description from the district court regarding the likely result of the violent arrest on Officer Jones as well as Officer Campoverde. Review pursuant to the abuse-of-discretion standard is not an opportunity for us to micromanage a district court's analysis or pick nits with a district court's word choices. This fact is reflected in our often-repeated standard in which we state that it may be an abuse of discretion to place *"significant* weight" on an improper or irrelevant factor. See United States v. Long, 906 F.3d 720, 727 (8th Cir. 2018) (emphasis added). Stray comments and understandable descriptions of human experience are not abuses of discretion.

Cruz's various mitigation-related arguments, again, amount to disagreement with the district court's word choices. Cruz emphasized that his criminal history barely reached Category VI, included a relatively small amount of past and rather old violence, and was driven by his addiction. He also denied knowing Officer Campoverde was a police officer. The district court addressed and rejected Cruz's arguments, noting that there was past violence, mere addiction did not fully explain the criminal history, and the violence on the night of the arrest was particularly reckless and damaging.

Cruz takes issue specifically with the district court's wording in that the court stated Cruz's criminal history did "not include only drug-related crimes" and stated disagreement with the idea "that discharging your firearm randomly when you think it's somebody [other than law enforcement] is somehow appropriate." According to Cruz, these quotes demonstrate that the district court misconstrued his mitigation arguments because he had not argued that his criminal history contained only drug-related crimes or that he thought firing at non-officers was appropriate.

-5-

We disagree with Cruz's assertion that the district court's statements evince a misunderstanding of his arguments. No fair reading of the entire sentencing record could lead to the conclusion that the district court misconstrued his arguments. In asserting error in this regard, Cruz advocates a piecemeal interpretation of the record inconsistent with our deferential level of review.

Finally, we find no abuse of discretion as to the weighing of factors and general sufficiency of the district court's explanation. Had the district court applied the upward adjustment for seriously injuring a known police officer, U.S.S.G. § 3A1.2(c)(1), the advisory range with a 10-year consecutive sentence would have been 355–413 months. The district court expressly noted that it disbelieved Cruz's claim of ignorance as to Officer Campoverde's identity, and the ultimate sentence imposed through a variance was consistent with this fact. Here, as required, the "district court gave 'substantial insight into the reasons for its determination.'" Long, 906 F.3d at 727) (quoting Feemster, 572 F.3d at 463).

The sentence in this case is long and the upward variance was substantial, but the sentence is not substantively unreasonable. We affirm the judgment of the district court.

_____