# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3020
_____

United States of America

*Plaintiff - Appellee*

v.

Bradley Clayton Walker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: April 10, 2023
Filed: September 5, 2023
_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.
_____

MELLOY, Circuit Judge.

Defendant Bradley Clayton Walker shot a man in the chest and led police on a high-speed chase through a residential neighborhood before his eventual capture. When arrested he possessed a pistol, ammunition, and bags containing methamphetamine and fentanyl. One of the bags appeared to have been opened using teeth, and officers observed Walker becoming lethargic and losing consciousness. Officers administered two doses of Naloxone to revive him before

transporting him to a hospital. Walker eventually pleaded guilty to possessing a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g). The district court determined Walker was an armed career criminal pursuant to 18 U.S.C. § 924(e), and also determined his extensive and violent criminal history merited an above-Guidelines-range sentence. The district court ultimately varied from a Guidelines range of 188–235 months and imposed a sentence of 300 months' imprisonment and five years' supervised release.

Walker raises several issues on appeal. First, he challenges the application of § 924(e) arguing it was error for the court rather than a jury to assess whether his prior convictions occurred on different "occasions." 18 U.S.C. § 924(e)(1). He concedes this argument is foreclosed by our precedent and raises the argument merely as a matter of issue preservation. See, e.g., United States v. Robinson, 43 F.4th 892, 896 (8th Cir. 2022). In any event, it is unclear whether preservation matters in this instance as clearly uncontested facts show his predicate felonies were months and years apart.

He also challenges the substantive reasonableness of his overall sentence. We find no abuse of the district court's substantial discretion. See United States v. Cruz, 38 F.4th 729, 732–33 (8th Cir. 2022). The district court thoughtfully explained its decision to impose the 300-month sentence considering only relevant factors and overlooking no important factors. Id. Walker's extended criminal history included substantial violence. In this regard, we note that in one instance he shot a victim in the head. Walker's criminal history placed him well within Category VI, even without consideration of § 924(e). The district court understandably and permissibly weighed dangerousness heavily in this case.

Finally, Walker challenges two aspects of the conditions of his supervised release as set forth in the written judgment and committal order. He argues the written conditions are not consistent with the oral pronouncement of sentence made by the district court. He argues the district court did not orally advise him that the thirteen standard conditions of supervised release as listed in USSG § 5D1.3(c) were

being imposed. He also argues that a third special condition that stated, "You must disclose your substance abuse history to prescribing physicians and allow the probation office to verify disclosure," was not made part of the oral pronouncement at sentencing.

Walker argues correctly that the sentence imposed—the sentence defining the requirements he must satisfy while on supervised release and which our court actually reviews—is the sentence pronounced orally in court rather than on the later written form. See United States v. Foster, 514 F.3d 821, 825 (8th Cir. 2008) ("Where an oral sentence and the written judgment conflict, the oral sentence controls." (quoting United States v. Glass, 720 F.2d 21, 22 n.2 (8th Cir. 1983))); see also United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir.1994) ("The oral pronouncement by the sentencing court is the judgment of the court."). Pronouncement of sentence affords the defendant an opportunity to object, raise concerns and challenges as to the sentence, and seek tailored conditions of supervised release limited to what is "reasonably necessary" to meet sentencing objectives. 18 U.S.C. 3583(d)(2).

In this case the district court went through a very thoughtful analysis of the sentence to be imposed, including addressing specific issues raised by both the defendant and family members who had written letters to the court. The court then discussed two special conditions of supervised release tailored to the defendant's specific personal and offense characteristics. We have no doubt that the failure to specifically address the standard conditions of supervised release and the third special condition which relates to the two special conditions that were orally pronounced was a matter of mere oversight. As a practical matter, it would be virtually impossible to supervise a defendant or verify compliance with the two special conditions that were orally pronounced without at least some of the standard conditions of supervised release being imposed.

Given what we are certain was a mere oversight, we will vacate that portion of the judgment and commitment order imposing the standard conditions of supervised release and the third special condition and remand to the district court for

a resentencing, limited to the standard conditions and third special condition. The district court shall determine in the first instance whether any standard conditions of supervised release, as well as the third special condition, are consistent with and necessarily included within the scope of the express conditions as pronounced at the initial sentencing. The defendant will have the opportunity to object to any of the conditions that he feels should not be imposed upon him. Any standard conditions of supervised release or the third special condition which may be reimposed as part of any oral pronouncement may then be incorporated into an amended and reconciled judgment and commitment order. In all other respects the sentence is affirmed.

Accordingly, the sentence imposed in this case is vacated and the case is remanded for a resentencing consistent with this opinion.

_____