# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1795
_____

United States of America

*Plaintiff - Appellee*

v.

Baudeleo Mejia-Mejia, also known as Francisco Morales

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta
_____

Submitted: November 13, 2023
Filed: February 28, 2024
[Unpublished]
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Baudeleo Mejia-Mejia pled guilty to being an "[a]lien in possession of a firearm, a Class C felony," in violation of 18 U.S.C. §922(g)(5). Mejia-Mejia appeals, claiming two errors (1) the district court violated the Double Jeopardy Clause of the Fifth Amendment in imposing a written sentence containing standard and mandatory conditions that were not in its oral pronouncement, and (2) the district

court's above-Guidelines sentence is substantively unreasonable because the court abused its discretion when it placed too much weight on the seriousness of his offense, the danger to the public, and deterrence. Because a sentencing court cannot alter the sentence of a criminal defendant after he has begun serving his sentence, we vacate imposition of the 12 standard conditions neither referenced nor pronounced at sentencing. We otherwise affirm the sentence.

"The Double Jeopardy Clause prevents a sentencing court from increasing a defendant's sentence after the defendant has developed a legitimate 'expectation of finality in the original sentence.'" United States v. Harrison, 113 F.3d 135, 138 (8th Cir. 1997) (quoting United States v. DiFrancesco, 449 U.S. 117, 139 (1980)). At Mejia-Mejia's sentencing, the district court imposed a term of 48 months' imprisonment, followed by three years of supervised release. While on supervised release, the court informed Mejia-Mejia that he would be required to contact the probation office in the district to which he is released within 72 hours, and that if Mejia-Mejia is deported, he is not to return to the United States illegally. The written judgment included 12 additional standard conditions, and the mandatory condition that Mejia-Mejia cooperate with DNA collection by the probation officer.

Because Mejia-Mejia's double jeopardy claim presents a legal question, we review it *de novo*. United States v. White Bull, 646 F.3d 1082, 1096 (8th Cir. 2011). When the written judgment conflicts with an oral sentence, the oral sentence controls. United States v. Foster, 514 F.3d 821, 825 (8th Cir. 2008). This rule "affords the defendant an opportunity to object, raise concerns and challenges as to the sentence, and seek tailored conditions of supervised release limited to what is 'reasonably necessary' to meet sentencing objectives." United States v. Walker, 80 F.4th 880, 882 (8th Cir. 2023) (citing 18 U.S.C. § 3583(d)(2)).

Other cases raising double jeopardy claims premised on a sentencing court's alleged failure to expressly announce it was imposing standard supervised release conditions have failed because this Court found the defendants received sufficient notice at the time of the oral pronouncement that their sentence would be subject to

standard conditions.  See, e.g., White Bull, 646 F.3d at 1096; United States v. Drapeau, 644 F.3d 646, 656 (8th Cir. 2011); United States v. Little Bear, 413 Fed. App'x 942, 945 (8th Cir. 2011) (unpublished); United States v. Demery, 674 F.3d 776, 782-83 (8th Cir. 2011).  This case is distinguishable from those cases because at no time during sentencing did the district court identify or even reference the imposition of 12 standard supervised release conditions that were included in the judgment.

In another case, not involving a double jeopardy argument, this Court remanded for resentencing when the district court discussed at sentencing two special conditions of supervised release tailored to the defendant's personal and offense characteristics but failed to address the standard supervised release conditions and a third special condition that were included in the judgment.  Walker, 80 F.4th at 882.  The Court reasoned the error was a mere oversight, observing that "[a]s a practical matter, it would be virtually impossible to supervise a defendant or verify compliance with the two special conditions that were orally pronounced without at least some of the standard conditions of supervised release being imposed."  Id.

Unlike Walker, we are unable to connect the two supervised release conditions expressly imposed by the district court with the 12 additional standard conditions imposed in the judgment.  Unlike in the other cases challenging the imposition of standard conditions, we can find no statement at sentencing putting Mejia-Mejia on notice that additional conditions of supervised release were being contemplated, much less imposed, by the district court.  We vacate the 12 standard conditions of supervised release contained in the judgment that were not referenced or pronounced at sentencing.  While Mejia-Mejia also challenges the mandatory DNA collection requirement, this is a statutorily mandated condition that Mejia-Mejia must comply with while on supervision.  See 18 U.S.C. § 3583(d) ("[t]he court shall order, as an explicit condition of supervised release, that the defendant cooperate in the collection of a DNA sample from the defendant, . . . .").

-3-

Regarding Mejia-Mejia's challenge to the imprisonment term imposed by the district court, the Sentencing Guidelines range calculated by the district court was 18 to 24 months. A district court may vary upward by relying on factors set forth in 18 U.S.C. § 3553(a). United States v. Drew, 9 F.4th 718, 725 (8th Cir. 2021). Here, the record shows the district court considered the § 3553(a) factors and found an upward variance was warranted due to Mejia-Mejia's conduct, which included discharging a firearm into the front windshield of a tractor trailer. While the district court placed more weight on certain factors than Mejia-Mejia wanted, such as the seriousness of this offense, the danger Mejia-Mejia posed to the public, and deterrence, it is not an abuse of discretion to vary upward for these reasons. See Drew, 9 F.4th at 725-26 (rejecting argument that upward variance was substantively unreasonable when the district court considered the defendant's earlier in-custody conduct, his criminal history, the timing of the offense, the need for respect for the law, and public safety). The district court did not abuse its wide sentencing discretion or impose a substantively unreasonable sentence.

For the foregoing reasons, we vacate imposition of the 12 standard conditions of supervised release that were not pronounced at sentencing and remand with directions that the judgment be amended to remove these conditions. We affirm the sentence in all other respects.

_____