# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2160
_____

United States of America

*Plaintiff - Appellee*

v.

Cristobal Palomerez-Heredia, also known as Christobal Palomerez-Heredia, also known as Christobal Palmerez-Heredia, also known as Cristobal Heredia Palomares, also known as Cristogal Heredia, also known as Cristobal Heredia Palomeria, also known as Cristobal Heredia Palomerez, also known as Cristobal Heredia Palmoerez, also known as Cristobal Heredia-Palmoerez, also known as Cristobal Palomeres-Heredia

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: January 8, 2024
Filed: May 22, 2024
[Unpublished]
_____

Before SMITH, Chief Judge,[1] GRUENDER and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

---

[1]Judge Smith completed his term as chief judge of the circuit on March 10, 2024. See 28 U.S.C. § 45(a)(3)(A).

After Cristobal Palomerez-Heredia was convicted of one count of illegal reentry after removal, in violation of 8 U.S.C. § 1326(a), the district court sentenced him to 158 months' imprisonment, followed by 3 years of supervised release. Palomerez-Heredia appeals, asserting that the district court procedurally erred and that his sentence is substantively unreasonable. Palomerez-Heredia also asserts that the district court imposed 13 standard conditions of supervised release in the written judgment that it did not announce at the sentencing hearing, and that the conditions therefore must be vacated. Having jurisdiction under 28 U.S.C. § 1291, we affirm Palomerez-Heredia's sentence but vacate the portion of the judgment imposing the standard conditions of supervised release and remand to the district court for a resentencing limited to the standard conditions.

I.

In September 2021, Palomerez-Heredia was charged by indictment with one count of illegally reentering the United States after having previously been removed. He entered a guilty plea, after which the United States Probation Office prepared a Presentence Investigation Report (PSR) calculating Palomerez-Heredia's United States Sentencing Guidelines (USSG) range, when adjusted for a three-level acceptance of responsibility reduction, as 84 to 105 months' imprisonment. This Guidelines range reflected (1) a four-level enhancement to Palomerez-Heredia's offense level, pursuant to USSG § 2L1.2(b)(1)(A), because Palomerez-Heredia committed the crime of conviction after previously being convicted of a felony illegal-reentry offense; (2) a four-level enhancement pursuant to USSG § 2L1.2(b)(2)(D) because, before he was ordered removed the first time, Palomerez-Heredia engaged in criminal behavior resulting in a felony conviction; and (3) a ten-level enhancement pursuant to USSG § 2L1.2(b)(3)(A) because, after he was ordered removed the first time, he engaged in criminal behavior resulting in a felony conviction for which the sentence imposed was five years or more.

At sentencing, the district court adopted the PSR's calculation of the Guidelines range and varied upward, imposing a sentence of 158 months. The

district court stated it was varying upward based on the nature and circumstances of the offense, noting that Palomerez-Heredia had been involved in a gunfight with police, that he had a propensity for violence and using firearms, and had a history of continued violations of the law. The district court ordered the sentence to run consecutively to a 144-month state court sentence that Palomerez-Heredia was serving for attempted first-degree murder. As to supervised release, the district court stated that it was imposing the conditions that Palomerez-Heredia not return to the United States if he were deported during his term of supervised release, that Palomerez-Heredia participate in a substance abuse treatment program, and that Palomerez-Heredia cooperate in the collection of DNA. The district court made no mention of any other conditions of supervised release, but, when final judgment was entered, the district court included 13 standard conditions of supervised release that had not been mentioned at the sentencing hearing.

## II.

Palomerez-Heredia appeals, arguing that the district court failed to adequately explain his sentence, including the need for an upward variance, that the sentence was substantively unreasonable, and that the standard conditions of supervised release contained in the written judgment should be stricken because they were not orally pronounced at sentencing. In reviewing a challenge to a sentence, "'whether inside or outside the Guidelines range, we "apply a deferential abuse-of-discretion standard."' 'We review a district court's sentence in two steps, first reviewing for significant procedural error, and second, if there is no significant procedural error, we review for substantive reasonableness.'" United States v. Isler, 983 F.3d 335, 341 (8th Cir. 2020) (citations omitted).

Palomerez-Heredia first asserts that the district court procedurally erred by failing to adequately explain his sentence. "Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

sentence—including an explanation for any deviation from the Guidelines range.'" Id. (citation omitted). While we typically review a claim of procedural error for an abuse of discretion, "[w]here, as here, the defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." Id. (alteration in original) (citation omitted). To prevail on plain-error review, a "defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." Id. (citation omitted). Palomerez-Heredia cannot show any error, much less one that is plain, with respect to the district court's explanation of his sentence. The sentencing transcript reveals that the district court described, in detail, the reasons it believed that a within-Guidelines range sentence was insufficient, specifically noting that Palomerez-Heredia's criminal history was "all, for the most part, violent," that the nature and circumstances of the instant offense involved "a one-way gunfight . . . with the police," that Palomerez-Heredia had a "propensity for violence and the use of firearms," and that an upward variance was necessary to reflect the seriousness of the offense, to promote respect for the law, and to protect the public from further crimes by Palomerez-Heredia.

Palomerez-Heredia also asserts that his sentence is substantively unreasonable because the district court improperly varied upward by giving undue weight to factors that were already adequately accounted for in the Guidelines calculation. "We review the sentence's substantive reasonableness for abuse of discretion." United States v. Heard, 91 F.4th 1275, 1280 (8th Cir. 2024). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). We are unpersuaded by Palomerez-Heredia's contention because "[i]t is well-settled that factors taken into account in calculating the advisory guidelines range can form the basis of an upward variance." United States v. Manuel, 73 F.4th 989, 993 (8th Cir. 2023). Further, "[w]e give the sentencing court 'wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others.'" United States v. Hubbs, 18 F.4th

570, 572 (8th Cir. 2021) (citation omitted). Here, in deciding to vary upward, the district court simply placed more weight on the aggravating factors than on any mitigating factors, which was "well within its substantial sentencing discretion." See id.

Finally, Palomerez-Heredia asserts that the 13 standard conditions of supervised release included in the written judgment should be stricken because the district court did not mention them as part of the oral pronouncement of the sentence. Generally, "[w]e review the district court's imposition of the terms and conditions of supervised release for an abuse of discretion." United States v. Drapeau, 644 F.3d 646, 655 (8th Cir. 2011) (citation omitted). However, we review de novo a claim that the oral and written judgment conflict. See United States v. White Bull, 646 F.3d 1082, 1096 (8th Cir. 2011) (reviewing de novo a claim that "imposing . . . supervised release conditions though a written judgment after the district court failed to expressly state those conditions at the oral pronouncement" violated a defendant's double jeopardy rights); United States v. Johnson, 765 F.3d 702, 710 (7th Cir. 2014) ("We review a claim of an inconsistency between the oral and written judgments *de novo*, comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law.").

We have previously enunciated the rule that "[w]here an oral sentence and the written judgment conflict, the oral sentence controls." United States v. Foster, 514 F.3d 821, 825 (8th Cir. 2008) (citation omitted). However, our recent opinion in United States v. Walker, 80 F.4th 880 (8th Cir. 2023) is instructive. In Walker, the defendant was similarly sentenced to a term of supervised release that included several special conditions and the 13 standard conditions. Id. at 882. As here, the district court failed to address the standard conditions of supervised release during the oral pronouncement of the defendant's sentence. Id. Importantly, we recognized that "[a]s a practical matter, it would be virtually impossible to supervise a defendant or verify compliance with the two special conditions that were orally pronounced without at least some of the standard conditions of supervised release being imposed." Id. We vacated those conditions of supervised release that conflicted

with the oral pronouncement and "remand[ed] to the district court for a resentencing, limited to" those conditions to "determine in the first instance whether any standard conditions of supervised release . . . are consistent with and necessarily included within the scope of the express conditions as pronounced at the . . . sentencing." Id. Thus, we explained that "[t]he defendant [would] have the opportunity to object to any of the conditions that he fe[lt] should not be imposed upon him." Id. Moreover, during the resentencing, "[a]ny standard conditions of supervised release . . . which may be reimposed as part of any oral pronouncement may then be incorporated into an amended and reconciled judgment and commitment order." Id. at 882-83. Because the facts of the sentencing in this case are nearly identical to those in Walker, we follow the same approach adopted there.

### III.

We therefore affirm Palomerez-Heredia's sentence but vacate the portion of the judgment imposing the standard conditions of supervised release. We remand for resentencing limited to the standard conditions of supervised release. On remand, the district court shall determine whether any of the standard conditions of supervised release are consistent with and necessarily included within the scope of the special conditions pronounced at sentencing. The defendant will have the opportunity to object to any of the standard conditions that he feels should not be imposed upon him. Any standard conditions of supervised release which may be reimposed as part of any oral pronouncement may then be incorporated into an amended and reconciled judgment and commitment order.

_____