# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2378
_____

United States of America

*Plaintiff - Appellee*

v.

Lbawa M. Thomas

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 5, 2024
Filed: September 10, 2024
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Lbawa Thomas appeals after the district court revoked his supervised release and sentenced him to 3 months in prison. On appeal, Thomas argues that the district court erred by including a 2-year term of supervised release in the written judgment that was not orally pronounced at sentencing.

Upon careful review, we conclude that the oral pronouncement of the sentence was ambiguous because, while the district court did not specifically state that it was imposing a new term of supervised release, it ordered Thomas to reside in a residential reentry center and abide by curfew requirements. <u>See</u> <u>United States v. Mays</u>, 993 F.3d 607, 622 (8th Cir. 2021) (while oral sentence controls over conflicting written judgment, mere imprecise language at a hearing will not negate the court's obvious intent); <u>United States v. Walker</u>, 80 F.4th 880, 882-83 (8th Cir. 2023) (district court's failure to specifically address conditions of supervised release which related to conditions that were orally pronounced was matter of mere oversight; vacating and remanding for resentencing to impose omitted conditions, giving defendant an opportunity to object).

Accordingly, because it appears that the omission may have been a mere oversight, we vacate the sentence and remand to the district court for resentencing, with clarification regarding its imposition of a new term of supervised release.

_____