# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-3582

———————————————

United States of America

*Plaintiff - Appellee*

v.

Daniel Arthur Stewart

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: September 23, 2024
Filed: October 4, 2024
[Unpublished]

——————————

Before BENTON, ARNOLD, and KOBES, Circuit Judges.

——————————

PER CURIAM.

After Daniel Stewart pleaded guilty to possessing child pornography, *see* 18 U.S.C. § 2252(a)(4)(B), the district court[1] sentenced him to 84 months in prison, an

———————————————

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

upward variance from the applicable Guidelines range. He raises some challenges to his sentence, but none convinces us that he is entitled to relief.

Stewart maintains that "the district court committed procedural error by selecting a sentence based on clearly erroneous facts and failing to adequately explain the chosen sentence." In his plea agreement, though, he expressly waived any challenges he might have to "all non-jurisdictional issues," which would necessarily include assertions of procedural error. The government has persuaded us that Stewart entered into the plea agreement knowingly and voluntarily and that no miscarriage of justice will result from its enforcement, *see United States v. Williams*, 81 F.4th 835, 839 (8th Cir. 2023), and Stewart doesn't contend otherwise. So we enforce the plea agreement and dismiss his procedural-error contentions.

Stewart also says that the chosen sentence is substantively unreasonable, a matter he expressly reserved from his appeal waiver. We review the substantive reasonableness of a sentence for an abuse of discretion. *See United States v. Cruz*, 38 F.4th 729, 732 (8th Cir. 2022). Stewart's Guidelines range was 30–37 months' imprisonment. According to Stewart, the upward "variance at issue was unreasonable, yielding a sentence that was more than double the highest end of the Guideline range."

This wasn't the typical child-pornography-possession case. Stewart conceded that he had made arrangements to have sexual intercourse with someone whom he believed was a thirteen-year-old boy and that officers apprehended him when he arrived at the hotel where he was to meet the boy. (It was only later that police discovered that Stewart possessed child pornography.) The district court also noted, correctly, that as "a former judge, prosecutor, and public defender," Stewart "should be well aware of the magnitude of these crimes and their lasting effect on children." These circumstances led the government to move for an upward variance to the statutory-maximum 120 months. And as the district court pointed out, the enticement

offense with which Stewart was originally charged carried a ten-year minimum sentence. *See* 18 U.S.C. § 2422(b). We do not believe that an 84-month sentence in the circumstances was an abuse of discretion.

Dismissed in part and affirmed in part.

_____